**MUNDO DEVELOPERS, LTD., Plaintiff,**

v.

**WICKLOW ASSOCIATES, Bay Ridge Lumber Co., Inc., S.J.S. Signal & Communications Corp., Adco Distributing Co., Inc., Defendants,**

**St. Paul Fire and Marine Insurance Company, Defendant,**

**brought in as a party to answer the counterclaim herein.**

**MUNDO DEVELOPERS, LTD. and St. Paul Fire and Marine Insurance Company, Third-Party Plaintiffs,**

v.

**Randall RIFELLI, Expo Building and Supply Corp., MSC Industries, Inc., Deniet Electric Corp., Michael Roberts Co., Inc., Director Door Corp., North Shore Plumbing Supply Co., Inc., John R. Jorno, Combustion Protection Corp., Westchester Federal Savings & Loan Association, Louis Goodman, George Langer, and Samuel Pierce, Secretary of the United States Department of Housing and Urban Development, Third-Party Defendants.**

No. 84 Civ. 1444.

United States District Court, S.D. New York.

May 18, 1984.

Tunstead, Schecter & Torre, New York City, for third-party plaintiffs Mundo Developers, Ltd., and St. Paul Fire and Marine Ins. Co.; Dan M. Rice, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for third-party defendant Samuel Pierce, Secretary of the Department of Housing and Urban Development; Franklin H. Stone, Asst. U.S. Atty., New York City, of counsel.

McGoey & Martirano, New Rochelle, N.Y., for defendant Wicklow Associates.

Strugats & Fertig, Hicksville, N.Y., for defendant S.J.S. Signal & Communications Corp.

Aurnou, Bobrow, Greenapple, Kurzman & Midler, White Plains, N.Y., for defendant Adco Distributing Co., Inc.

Nicholas Tarallo, New Rochelle, N.Y., for third-party defendant Expo Building and Supply Corp.

Cooper & Roberts, Garden City, N.Y., for third-party defendant Director Door Corp.

Schupak, Rosenfeld, Fischbein, Bernstein & Tannenhauser, New York City, for third-party defendant North Shore Plumbing Supply Co., Inc.

Kelly & Sluys, Pearl River, N.Y., for third-party defendant John Jorno.

Ross & Cohen, New York City, for third-party defendant Combustion Protection.

Paul J. Prinzivalli, New Rochelle, N.Y., for third-party defendant Westchester Federal Savings Bank.

Hart & Hume, New York City, for third-party defendant Louis Goodman.

Olnick, Boxer, Blumberg, Lane & Troy, New York City, for third-party defendant George A. Langer.

## OPINION

EDWARD WEINFELD, District Judge.

The Secretary of the Department of Housing and Urban Development ("HUD"), a third-party defendant, moves to dismiss the action for lack of subject matter jurisdiction. The motion is granted.

In November 1981, Mundo Developers, Ltd. ("Mundo") contracted with Wicklow Associates ("Wicklow"), the owner of three properties in New Rochelle, New York, to perform all the work and furnish all the building materials necessary to rehabilitate housing units on Wicklow's properties. Mundo alleges that it performed all the terms and conditions of the contract, but that Wicklow refused to pay the total amount due under the contract. Consequently, Mundo filed a mechanic's lien on each of the three properties, and com-

menced this action in the Supreme Court of New York, seeking the balance allegedly due under the contract, plus damages allegedly caused by Wicklow's interference with Mundo's performance of the contract.

Wicklow responded by asserting three counterclaims. The first alleged that Mundo had exaggerated the amounts due under the contract in procuring the mechanic's liens, and sought a declaration that the liens were void, as well as $473,423 in damages. The second and third counterclaims impleaded St. Paul Fire and Marine Insurance Company ("St. Paul"), the surety on Mundo's performance bond, and charged that Mundo had breached its contract with Wicklow, and had fraudulently misrepresented to Wicklow that it was complying with the terms of the contract, in furtherance of a conspiracy to induce Wicklow to make payments to Mundo. Each of the two counterclaims against both Mundo and St. Paul sought $605,000 in damages.

Mundo and St. Paul then filed a third-party complaint against HUD, the movant here, as well as two architects, nine subcontractors and materialmen, and the bank that had provided financing for the project, claiming that any liability Mundo and St. Paul might have to Wicklow under the three counterclaims was caused by "the breach of contract, negligence, and/or fraud of the third party defendants." The third-party complaint seeks indemnity or contribution for any judgment that Wicklow may obtain against Mundo and St. Paul.

■ HUD removed the action to federal court, pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1),[1] then brought this motion to dismiss for lack of subject matter jurisdiction. The third-party complaint alleges both breach of contract and tortious conduct. The United States is subject to suit for the torts of its employees only as specified by 28 U.S.C. §§ 1346(b) and 2671–2680.[2] Under those provisions, the district courts have *"exclusive* jurisdiction of civil actions on claims against the United States, for money damages, ... for the injury or loss of property, ... caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...."[3] Accordingly, the state court in which the third-party complaint was first filed had no jurisdiction to hear the third-party tort claims against HUD. As the Supreme Court has stated: "[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."[4] This Court therefore has no subject matter jurisdiction over the tort claims asserted against HUD.

■ The third-party plaintiffs argue that despite the provisions of 28 U.S.C. § 1346(b), the state court had jurisdiction over the tort claims pursuant to 12 U.S.C. § 1702, which states:

The Secretary [of the Department of Housing and Urban Development] shall,

---

**1.** 28 U.S.C. § 1441(a) (1973) states:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1442(a)(1) (1973) states, in pertinent part:

A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ....

**2.** *See United States v. Mitchell,* 445 U.S. 535, 538 (1980); *United States v. Sherwood,* 312 U.S. 584, 586 (1941).

**3.** 28 U.S.C. § 1346(b) (1976) (emphasis added).

**4.** *Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981); *see also Freeman v. Bee Machine Co.,* 319 U.S. 448, 449, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509 (1943); *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939).

in carrying out the provisions of this title ... be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

The short answer to that argument is 28 U.S.C. § 2679:

The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.[5]

The third-party plaintiffs also invoke 12 U.S.C. § 1702 (quoted above) as a basis for the state court's subject matter jurisdiction over their contract claim against HUD. The weight of authority, however, holds that section 1702 is a waiver of sovereign immunity, not an independent grant of jurisdiction.[6]

The third-party plaintiffs also cite to *F.W. Eversley & Co. v. East N.Y. Non-Profit HFDC, Inc.*[7] as supporting jurisdiction over contract claims against HUD that are removed from state court. In *Eversley,* a general contractor sued HUD (among others) for the balance due for construction on a property HUD had acquired when the owner defaulted on a mortgage HUD had insured. The contractor claimed that HUD was liable for the amount the defaulting owner owed the contractor for the construction because HUD would be unjustly enriched if it acquired the completed project without having to pay the full price of construction. Our Court of Appeals and several other courts have exhaustively analyzed the district courts' jurisdiction over such claims, and have concluded that the district courts do have jurisdiction, even if the action was removed from a state court.[8]

The third-party plaintiffs here do not articulate an unjust enrichment theory, however, or plead any facts that might give rise to such a theory. Indeed, their complaint states only that HUD's "breach of contract" caused any liability the third-party plaintiffs may have to Wicklow. Upon oral argument, in response to the Court's inquiry, counsel for the third-party plaintiffs candidly acknowledged that he did not yet know what HUD had done wrong, but was confident that discovery would "bear this [breach of contract claim] out." The discovery rules "are not a hunting license to conjure up a claim that does not exist."[9] The Court cannot assert jurisdiction over the action just because the litigants hope to somehow someday find facts to support jurisdiction.[10] The third-party plaintiffs have failed to sustain their burden of proving that the Court has subject matter jurisdiction over the claims against HUD.[11] Accordingly, the motion to dismiss those claims is granted. As no basis for jurisdiction over the remaining claims, counterclaims and third-party claims has been

---

5. See *Edelman v. Federal Housing Admin.,* 382 F.2d 594, 596 (2d Cir.1967). *Accord Armor Elevator Co., Inc. v. Phoenix Urban Corp.,* 655 F.2d 19, 22 (1st Cir.1981).

6. See *Industrial Indem., Inc. v. Landrieu,* 615 F.2d 644, 647 (5th Cir.1980); *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 181 (8th Cir.1978); *Lindy v. Lynn,* 501 F.2d 1367, 1369 (3rd Cir. 1974); *Ames-Ennis, Inc. v. Midlothian Limited Partnership,* 469 F.Supp. 939, 942 (D.Md.1979); *Ghent v. Lynn,* 392 F.Supp. 879, 880–81 (D.Conn.1975). *But see George H. Evans & Co., v. United States,* 169 F.2d 500, 502 (3d Cir.1948); *Ferguson v. United National Bank,* 126 F.2d 753 (4th Cir.1942); *James T. Barnes & Co. v. Romney,* 334 F.Supp. 657 (E.D.Mich.1971).

7. 409 F.Supp. 791 (S.D.N.Y.1976).

8. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28 (2d Cir.1979). *See also Industrial Indem., Inc. v. Landrieu,* 615 F.2d 644, 645–47 (5th Cir.1980); *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174, 178–81 (8th Cir.1978); *Trans-Bay Eng'rs & Builders, Inc. v. Hills,* 551 F.2d 370 (D.C.Cir.1976).

9. *Samuels v. Eleonora Beheer, B.V.,* 500 F.Supp. 1357, 1362 (S.D.N.Y.1980), *aff'd,* 661 F.2d 907 (2d Cir.1981).

10. *See Socialist Workers Party v. Attorney General,* 375 F.Supp. 318, 325 (S.D.N.Y.1974).

11. The burden of proving jurisdiction falls on the party asserting it. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

pleaded, they are remanded to state court, pursuant to 28 U.S.C. § 1447(c).[12]

SO ORDERED.

---

**12.** 28 U.S.C. § 1447(c) (1973) provides:
  If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . .