**INTEL CORPORATION, Plaintiff,**

v.

**The HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., Defendants.**

**No. 86–20833–WAI.**

United States District Court, N.D. California.

June 23, 1987.

Raoul D. Kennedy, Crosby, Heafey, Roach & May, Oakland, Cal., for plaintiff.

John A. Skelton, Jr., Williams, Kelly, Polverari & Skelton, Redwood City, Cal., for defendants.

## ORDER

INGRAM, District Judge.

This action was first filed in state court on May 16, 1986. The action was removed in a timely fashion to this court. Before the court is a motion by plaintiff to remand this action to state court. For the reasons set forth below, plaintiff's motion to remand is DENIED and this action is DISMISSED WITHOUT PREJUDICE.

This action is based upon the denial of plaintiff's insurance claims by defendant Hartford Accident and Indemnity Company (Hartford). Hartford had insured plaintiff Intel under various comprehensive General Liability Insurance policies. In October, 1981, plaintiff Intel discovered certain chemicals had escaped from its underground tank in Mountain View, California. It began clean up efforts at substantial cost to prevent injury to third parties. Intel sought reimbursement for these costs from various insurance companies including Hartford. Hartford denied the claims.

Plaintiff Intel's suit includes 11 state court common law and statutory claims. In addition, plaintiff has added a twelfth claim for violation of the civil provisions of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. All these claims are technically contained in one cause of action.

Plaintiff and the named defendant are diverse. It is unclear from the petition for removal, however, whether removal is sought on the basis of diversity or by reason of the federal RICO claim. The complaint names 100 Doe defendants.

Because of the difficulties created by the presence of the Doe defendants, this court has first considered whether this action was properly removed by reason of a federal question.

## EXCLUSIVE OR CONCURRENT JURISDICTION WITH RESPECT TO RICO

This issue is crucial to the outcome of this motion. For the reasons set forth below, if the court finds its jurisdiction over RICO claims to be exclusive, this action must be dismissed. If, however, jurisdiction over RICO is found to be concurrent with the state and federal courts, this court must determine whether it can retain this action, or, as plaintiff urges, should remand it to state court.

*Derivative Jurisdiction.* This action commenced in state court on May 16, 1986. Effective June 19, 1986, Congress, by Public Law 99–336, added Paragraph (e), to Section 1441 of the Judicial Code. 28 U.S.C. § 1441(e). The amendment stated:

(e) The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil

action because the state court from which such civil action is removed did not have jurisdiction over that claim.

Section 3(b) of Public Law 99–336 provided, however, that the above amendment only applied to claims in civil actions commenced in state courts on or after the date of enactment, i.e. June 19, 1986.

This action commenced before that date, and therefore, is governed by the law as it existed before the June 19, 1986, amendment. Prior to the amendment, removal jurisdiction was derivative. Federal courts only acquired jurisdiction over federal question cases that were also within the jurisdiction of the state court from which they were removed. As a result, if the removed case was one over which the federal courts had exclusive jurisdiction, the federal court could not hear the action but was required to dismiss it. If, however, the removed action was one over which the state and federal courts had concurrent jurisdiction, removal was proper and jurisdiction vested in the federal court. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Lambert Run Coal Company v. Baltimore and Ohio Railroad Company*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Spence v. Flynt*, 647 F.Supp. 1266 (D.Wyo.1986).

Thus, in the instant case, this court must consider whether RICO jurisdiction is exclusive to the federal courts or concurrent with the state courts, in order to determine whether the action was removable to this court.

Generally, there is a presumption that jurisdiction of the state and federal courts over federal actions is concurrent. That presumption can be rebutted however upon a showing by "an explicit statutory directive, by unmistakable implication from legislative history or by a clear incompatibility between state-court jurisdiction and federal interests." *Karel v. Kroner*, 635

F.Supp. 725, 728 (N.D. Ill.1986), *citing Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). Clear incompatibility concerns such matters as uniform interpretation and the presumed greater expertise and hospitality of federal judges with respect to exclusively federal claims. *Gulf Offshore Co. v. Mobil Oil Corp.*, *supra.*

A number of federal district courts and state courts have ruled in published opinions on the question of RICO jurisdiction, and while virtually all have applied the above test, they are almost evenly split in their resulting conclusion on this issue.[1] No federal court of appeals, including the Court of Appeals for the Ninth Circuit, has ruled directly upon this issue as yet. The Court of Appeals for the Seventh Circuit has considered the issue, but found it unnecessary to reach in the posture of the case before it. *County of Cook v. Midcon Corporation*, 773 F.2d 892 (7th Cir.1985). The issue of whether RICO jurisdiction is concurrent or federally exclusive therefore remains an open one for this court.

*Concurrent Jurisdiction.* The California Supreme Court has held that state and federal courts have concurrent jurisdiction over civil RICO claims. *Cianci v. The Superior Court of Contra Costa County*, 40 Cal.3d 903, 221 Cal.Rptr. 575, 710 P.2d 375 (1986). The court found that there was no evidence that Congress ever expressly considered the question of whether civil RICO jurisdiction would be exclusively federal, or concurrent with the states. *Id.* at 912, 221 Cal.Rptr. 575, 710 P.2d 375. The court held that concurrent jurisdiction was the preferable result finding that RICO claims are compatible with state court adjudication and that the statute does not require uniformity of interpretation.

The federal district courts that have found concurrent jurisdiction have essentially relied upon the same reasoning as

---

1. These different conclusions have led to unpredictable results. *Compare Spence v. Flynt, supra,* (case removed improvidently because jurisdiction was exclusive in the federal courts) with

*Karel v. Kroner,* 635 F.Supp. 725 (N.D. Ill. 1986) (plaintiff barred from raising his RICO claim in federal court because he failed to raise it under concurrent jurisdiction, in state court).

**1510**

*Cianci.*[2] Their decisions have been based upon the following factors:

1. In the absence of a clearly expressed congressional intention in favor of exclusive jurisdiction, the presumption in favor of concurrent jurisdiction must be applied.

2. There is no incompatibility between federal and state civil RICO enforcement.

3. Most RICO civil suits are aimed at garden variety fraud where state courts have equal if not greater expertise than federal courts.

As indicated above, the Court of Appeals for the Seventh Circuit discussed this issue at some length but found it unnecessary to resolve in the posture of the case before it. *County of Cook v. Midcon Corporation,* 773 F.2d at 905 n. 4. The court leaves, however, the firm impression that concurrent jurisdiction would be its ultimate determination.[3]

*Exclusive Jurisdiction.* The only court within this Circuit which appears to have considered the issue of RICO jurisdiction found in favor of exclusive jurisdiction. *Kinsey v. Nestor Exploration, Ltd.,* 604 F.Supp. 1365 (E.D. Wash.1985). The district court in Washington based its conclusion on the following premises:

1. The Court of Appeals for the Ninth Circuit has held that federal jurisdiction is exclusive over civil actions under Title VII of the Civil Rights Act of 1964. *Valenzuela v. Kraft,* 739 F.2d 434 (9th Cir.1984). The same reasoning would be applicable to civil RICO jurisdiction.

2. The RICO statute has many references that are specifically federal such as 18 U.S.C. § 1961, (which defines certain racketeering activity with respect to other federal statutes), 18 U.S.C. § 1963, (which makes RICO violation a federal crime), 18 U.S.C. § 1964, (which gives federal courts in civil matters the right to order certain special remedies such as divestment), 18 U.S.C. § 1965, (which gives federal courts venue and subpoena powers), 18 U.S.C. § 1966, (which gives the Attorney General or his designee the right to recommend expedited treatment of RICO lawsuits), 18 U.S.C. § 1967, (which authorizes closed RICO proceedings when brought by the United States), and 18 U.S.C. § 1968, (which authorizes the Attorney General to make investigative demands). The *Kinsey* court found that to divorce civil RICO from these specifically federal provisions would be an untenable result. The court stated with respect to this:

> Notwithstanding the presumption in favor of concurrent jurisdiction, as mandated under *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981), this Court does not believe it appropriate to dissect a statutory scheme, select one narrow provision thereof, and determine that with respect to that one provision at least, congressional silence is the equivalent of an affirmative grant of jurisdiction to the states which creates substantive and remedial rights unknown in the common law. Rather, where overall congressional intent is patently obvious; *viz* to halt expansion of organized racketeering activities, (footnote omitted), it would seem more desirable, if not jurisprudentially required, to read all RICO provisions *in pari materia,* (footnote omitted), and to conclude that Congress could not have intended the untoward result of creating a wholly new cause of action triable in state courts across the country, while at the same time mandating that federal substantive law governs such actions,

**2.** *See Hmk Corp v. Walsey,* 637 F.Supp. 710 (E.D. Va.1986); *Karel v. Kroner,* 635 F.Supp. 725 (N.D. Ill.1986); *Chas. Kruz Company v. Lombardi,* 595 F.Supp. 373 (E.D.Pa.1984); *Carmen v. First Bank of Louisville,* 642 F.Supp. 862 (W.D. Ky.1986); *Lubeke v. Marine National Bank of Neenah,* 567 F.Supp. 1460 (E.D. Wis.1983). For an interesting article supporting concurrent jurisdiction see Loo and Kubo *Concurrent Jurisdiction For Civil RICO,* California Lawyer, June, 1987, at 81.

**3.** It should be noted that the district court in *County of Cook v. Midcon Corporation, supra,* had found in favor of exclusive jurisdiction in the federal courts, 574 F.Supp. 902 (N.D. Ill. E.D. 1983). Its ultimate decision was affirmed by the Court of Appeals without ruling upon that jurisdictional issue.

and at the same time reserving exclusively to the federal government the procedural power necessary to implement the underlying objective.

*Kinsey v. Nestor Exploration Ltd.*, 694 F.Supp. at 1371.

A number of other courts have likewise found in favor of exclusive federal jurisdiction over RICO. *See Spence v. Flynt*, 647 F.Supp. 1266 (D.Wyoming 1986); *Massey v. City of Oklahoma City*, 643 F.Supp. 81 (W.D.Okla.1986); *Broadway v. San Antonio Shoe, Inc.*, 643 F.Supp. 584 (S.D.Texas 1986); *Greenview Trading Co. v. Hershman*, 108 A.D.2d 468, 489 N.Y.S.2d 502 (1985).

These courts have noted that the legislative history of RICO indicates that it is patterned after Section 4 of the Clayton Act, (15 U.S.C. § 15). It is well settled that antitrust enforcement is exclusively federal. The courts found that Congress clearly was aware that the language from the Clayton Act had been found to grant exclusive federal jurisdiction and must have intended the same result for RICO. *See e.g. Spence v. Flynt*, 647 F.Supp. at 1270; *Massey v. City of Oklahoma City*, 643 F.Supp. at 84.

■ This court has examined the above conflicting rulings and determines that, while strong arguments have been made in favor of both positions, *Karel v. Kroner*, 635 F.Supp. at 731, the factors as a whole mandate a finding of exclusive federal jurisdiction.

This court is of the view that Congress intended the federal courts to have exclusive jurisdiction over civil RICO litigation under 18 U.S.C. § 1964. The court finds persuasive the fact that Congress expressly patterned civil RICO upon civil antitrust litigation, which is exclusively federal. Id. at 84. The legislative history is explicitly clear with regard to the close relationship between the two statutes. While the legislative history is silent with respect to jurisdiction, the clear implication is that Con-

gress intended the law to be exclusively federal.

This is further enforced by the fact that RICO is denominated as a federal crime, (18 U.S.C. § 1963), and by the fact that various other provisions of the RICO statute contain exclusively federal remedies and procedures. As the *Kinsey* court found, bifurcation of civil RICO from its exclusively federal provisions would fail to reflect a reasonable intent of Congress.

Finally, the court notes that, while courts favoring concurrent jurisdiction have found that RICO suits are "most commonly aimed against 'garden variety fraud'", *Karel v. Kroner*, 635 F.Supp. at 731[4], Congress clearly intended RICO to extend beyond the scope of common law fraud. It recognized that RICO would cause the role of the federal government to be extended into areas previously reserved for the states. *United States v. Turkette*, 452 U.S. 576, 586, 101 S.Ct. 2524, 2530, 69 L.Ed.2d 246 (1981). The clear implication is that Congress intended the statute to be federally enforced and interpreted. Further, while not denigrating the abilities of the state courts with respect to complex statutes, civil RICO has already been subject to a wide variety of inconsistent interpretations and requirements, and to permit concurrent state court jurisdiction would only serve to increase the possibility of non-uniform interpretations of the statute. These factors combined lead to a finding of clear incompatibility of state court jurisdiction with federal interests.

Courts have come to different interpretations with respect to the enactment of parallel state racketeering statutes. *Compare Karel v. Kroner*, 635 F.Supp. at 731, *Cianci v. The Superior Court of Contra Costa County*, 40 Cal.3d at 916, 221 Cal.Rptr. 575, 710 P.2d 375 (the enactment of "little RICO" statutes shows the states' hospitality toward the statute) with *Kinsey v. Nestor Exploration Ltd.*, 604 F.Supp. at 1370 (the legislature would not have deemed it necessary to enact a "little RICO" statute

---

**4.** In *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the court cited statistics showing that 37% of the 270 cases known at the time of the survey involved common law fraud in a commercial or business setting. 87 L.Ed.2d at 361, n. 16.

if it had jurisdiction over the federal statute.) Without resolving the merits of these conflicting positions, this court simply notes that parallel state statutes commonly co-exist with the exclusively federal statutes such as the exclusive provisions of federal securities and antitrust law. Clearly the existence of such state laws does not preclude a finding of exclusive jurisdiction.

The court is not unmindful of the presumption of concurrent jurisdiction set forth in *Gulf Offshore Co. v. Mobil Oil Co., supra.* The court also recognizes the cautions on limiting RICO expressed in *Sedima S.P.R.L. v. Imrex Co., supra.* However, under the holdings of the Supreme Court, concurrent jurisdiction clearly remains a rebuttable presumption. The intent of Congress must be considered, as well as judicial compatibility. Here, the court finds that the factors discussed above with respect to RICO rebut the presumption of concurrent jurisdiction. This court holds that jurisdiction over RICO actions lies exclusively in the federal courts.

█ Therefore, under the principles of derivative jurisdiction, applicable to this action, plaintiff's exclusively federal RICO claim must be dismissed for lack of jurisdiction.

### DIVERSITY JURISDICTION

█ The court has next considered whether there exists diversity jurisdiction over plaintiff's remaining state claims. This question is complicated by the presence of over 100 DOE defendants. Defendant concedes that, in this circuit, an action should not be retained on the basis of diversity jurisdiction unless the pleaded Does are found to be clearly fictitious. *Hartwell Corp. v. Boeing Co.,* 678 F.2d 842 (9th Cir.1982); *McCabe v. General Foods Corporation,* 811 F.2d 1336 (9th Cir.1987).[5] At this time, the jurisdictional impact of Doe defendants in this circuit is tested by whether there is any specific information given as to their identity or whether their

presence is simply due to pleading practice. The court cannot say in this instance that the Doe defendants are "mere phantoms or shams". Charging allegations are made with respect to these defendants and some information is provided as to their identity in the complaint. The court finds that the Doe defendants are properly named and that their presence destroys diversity jurisdiction as to plaintiff's state claims.[6]

As the court finds that no independent basis of jurisdiction exists over plaintiff's state claims, the court does not address the issue of whether these claims are separate and independent from the federal RICO claim. 28 U.S.C. § 1441(c). This section permits an action to be properly removed when a separate and independent claim which is removable is joined with a non-removable claim. Here, as neither the federal RICO claim nor the state claims were removable, this section does not apply.

█ The state claims remain as pendent to the federal RICO claim. When the federal claims fails, the district court has discretion to retain the state claims and grant relief. In this circuit, however, it has been generally held improper for the district court to retain the state claims in such circumstances. *Wren v. Sletten,* 654 F.2d 529 (9th Cir.1981). Therefore, these claims shall likewise be dismissed.

It is the ruling of the court that the complaint in this proceeding be dismissed without prejudice. It is so ORDERED.

---

5. *Bryant v. Ford Motor Co.,* 794 F.2d 450 (9th Cir.1986), was withdrawn by the Court of Appeals for the Ninth Circuit on May 29, 1987, pending a rehearing by the *en banc* court.

6. This information is not so extensive however, as to demonstrate to the court that plaintiff was aware of the specific identity of the alleged Does.