865 F.2d 782
 RICO Bus.Disp.Guide 7125
 Domenick MORDA and Dr. Archie Bedell, on Behalf of Met-Med
Associates, Ltd., and Metric Medical Laboratories,
a limited partnership,
Plaintiffs-Appellants,
(87-1550),
Plaintiffs-
Appellees, (87-1847),
v.
Marvin KLEIN; Leeco Diagnostics, Inc.; MML, Inc.; John
Watkins; Barbara Pace; Melvin Lester; BN Associates;
Robert Nowikowski; Carl Marcus; Poly-Med Consultants,
Inc., Defendants-Appellees, (87-1550),
Defendants-Appellants, (87-1847),
and
Brace Place Associates, Defendant.
 Nos. 87-1550, 87-1847.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 18, 1988.
Decided Jan. 17, 1989.
 
 Frederick B. Bellamy, Michael S. Cafferty argued, Bellamy & Gilchrist, Detroit, Mich., for plaintiffs-appellants, plaintiffs-appellees.
 Clunet Lewis, Detroit, Mich., for Klein, in No. 87-1550.
 Andrew J. Broder argued, Brian G. Shannon argued, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., Ernest R. Bazzana, for defendants-appellees.
 Andrew J. Broder argued, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., Ernest R. Bazzana, for defendants-appellants.
 Brian G. Shannon argued, Jaffe, Snider, Raitt & Heuer, P.C., Detroit, Mich., for Klein in No. 88-1847.
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 This action under the federal Racketeer Influenced and Corrupt Organizations Act (RICO) was originally brought in a Michigan state court and then removed. The basic allegations were that the general partner and top executives of a clinical laboratory partnership, without disclosure of their self-dealing to the limited partners, siphoned funds from the laboratory partnership into several other business enterprises in which they held interests. Plaintiffs alleged that these multiple acts constituted a pattern of violations of the federal mail fraud statute, 18 U.S.C. Sec. 1341, and therefore violated civil RICO, 18 U.S.C. Secs. 1962(a)-(d) and 1964(c).
 
 
 2
 After remanding several pendent state claims, the District Court conducted a three-week bench trial, concluding that only the general partner, but not the "management team" members, owed the limited partners a fiduciary duty of disclosure, and that all defendants lacked the specific intent required to violate the mail fraud statute. The District Court thus found for the defendants on the merits, and then denied defendants' motion for rule 11 sanctions against plaintiffs. After disposing of a preliminary issue touching on subject-matter jurisdiction, we affirm the holding of the District Court on the intent issue and thus affirm the judgment below.
 
 I.
 
 3
 On February 5, 1986, defendants petitioned to remove this case to the District Court; the sole basis for removal was the RICO claim. At no point below did plaintiffs challenge the District Court's jurisdiction.
 
 
 4
 Had objection been made, the District Court would have been required to confront the argument that federal jurisdiction of civil RICO actions is exclusive, not concurrent, and that therefore the applicable doctrine of "derivative jurisdiction" would bar a federal court from assuming removal jurisdiction of a claim over which the state court had no jurisdiction. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 24 & nn. 26-27, 103 S.Ct. 2841, 2854 & nn. 26-27, 77 L.Ed.2d 420 (1983); Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939); Lambert Run Coal Co. v. Baltimore & O. R., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922).
 
 
 5
 Congress overruled by statute the judicial doctrine of derivative jurisdiction. See 28 U.S.C. Sec. 1441(e). But because the change is applicable only to actions commenced in state court after June 19, 1986, the amendment to Sec. 1441 cannot help us here.
 
 
 6
 Whether RICO jurisdiction is exclusively federal or concurrent with the state courts raises difficult issues of federal jurisdiction and statutory interpretation. Only one other circuit has squarely decided this question, see Lou v. Belzberg, 834 F.2d 730 (9th Cir.1987) (held concurrent), cert. denied, --- U.S. ----, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). One circuit has leaned toward concurrent jurisdiction. See County of Cook v. MidCon Corp., 773 F.2d 892, 905 n. 4 (7th Cir.1985). Two other federal courts of appeals have opined that state courts within their circuits were either likely or unlikely to assume concurrent jurisdiction. See DuBroff v. DuBroff, 833 F.2d 557, 562 (5th Cir.1987) (Texas likely); Cullen v. Margiotta, 811 F.2d 698, 732 (2d Cir.) (New York unlikely), cert. denied, --- U.S. ----, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). The district courts and state courts that have addressed this issue are about equally divided. Compare Cianci v. The Superior Court of Contra Costa County, 40 Cal.3d 903, 221 Cal.Rptr. 575, 710 P.2d 375 (1986),with Greenview Trading Co. v. Hershman, 108 A.D.2d 468, 489 N.Y.S.2d 502 (1985); see Intel Corp. v. The Hartford Accident & Indemnity Co., 662 F.Supp. 1507, 1509-12 (N.D.Cal.1987) (collecting cases). There are no reported decisions from the Michigan courts.
 
 
 7
 In Chivas Products, Ltd. v. Owen, 864 F.2d 1280 (6th Cir. Dec. 28, 1988), we recently held that RICO jurisdiction is exclusively federal. By operation of the derivative jurisdiction doctrine, the District Court lacked removal jurisdiction in this case. Another Supreme Court jurisdictional doctrine, however, provides a way out of the thicket.
 
 
 8
 In Grubbs v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), the Court held that when a case is improperly removed but is tried to judgment on the merits without objection, a party waives his right to later raise the issue of lack of subject matter jurisdiction at the time of removal. "[T]he issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." Id. at 702, 92 S.Ct. at 1347.
 
 
 9
 The Grubbs rule is eminently sensible, and conservative of judicial economy; it prevents a party who waits until after he loses in the court below to object to the jurisdictional defect from getting a second bite at the apple. Provided that the district court, as here, would have had original jurisdiction had the action been filed in the first instance in federal court and would have had jurisdiction at the time of final judgment, it works no expansion of federal jurisdiction. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 16-17, 71 S.Ct. 534, 541-542, 95 L.Ed. 702 (1951). It was the approach adopted long ago in this circuit, see Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 437 (6th Cir.1924), and has been applied recently in a RICO case to which the doctrine of derivative jurisdiction might otherwise have applied, see Foval v. First National Bank of Commerce, 841 F.2d 126, 129 (5th Cir.1988). See also Sorosky v. Burroughs Corp., 826 F.2d 794, 801 (9th Cir.1987).
 
 
 10
 Because the District Court would have had jurisdiction had this case originally been filed there, because there was no other bar to federal jurisdiction at the time of judgment, and because plaintiff never objected to subject matter jurisdiction at any time before or during the three-week trial below, the lack of derivative jurisdiction at the time of removal is irrelevant. We have jurisdiction of this appeal. See Grubbs, 405 U.S. at 704-05, 92 S.Ct. at 1348-49.
 
 II.
 
 11
 The plaintiffs were limited partners in the laboratory partnership. Their theory of the case was that (1) Klein, the general partner, and the other individual defendants all owed fiduciary duties to avoid or at least disclose any self-dealing transactions, (2) each defendant individually breached and all of them conspired to breach those duties (3) with fraudulent intent (4) furthered by use of the mails (5) and thereby violated the mail fraud statute, 18 U.S.C. Sec. 1341. They alleged further that the several entity defendants did the same through the acts of the individual defendants, and finally alleged that all of this satisfied the requirement to constitute a breach of each of the four RICO substantive offenses, 18 U.S.C. Sec. 1962(a)-(d).
 
 
 12
 The District Court did not reach the RICO issues because he ruled that plaintiffs proved no mail fraud. Specifically, the lower court found that (1) only Klein owed any fiduciary duties, and (2) all defendants acted without specific criminal intent.
 
 
 13
 The elements of the offense of mail fraud under 18 U.S.C. Sec. 1341 are (1) a scheme to defraud, and (2) the mailing of a letter or some equivalent for the purpose of executing the scheme. Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). The "scheme to defraud" further includes within it the element of specific criminal intent. See United States v. Bush, 522 F.2d 641, 648 (7th Cir.1975).
 
 
 14
 It has long been the law in this Circuit and others that a breach of fiduciary duty alone, without the "something more" of fraudulent intent, cannot constitute mail fraud. See Epstein v. United States, 174 F.2d 754, 765-66 (6th Cir.1949); United States v. O'Malley, 707 F.2d 1240, 1247 (11th Cir.1983); United States v. George, 477 F.2d 508, 512 (7th Cir.), cert. denied, 414 U.S. 827, 94 S.Ct. 155, 38 L.Ed.2d 61 (1973). As the Epstein court said, there must also be "a purpose to do wrong which is inconsistent with moral uprightness." 174 F.2d at 765-66. As the more modern corporate era has developed standards for disclosure by corporate insiders of potential conflicts of interest, courts in other circuits have made efforts to adapt the requirement of specific intent to the environment of required fiduciary disclosure. See, e.g., United States v. Lemire, 720 F.2d 1327 (D.C.Cir.1983), cert. denied, 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984); United States v. Von Barta, 635 F.2d 999, 1005-07 (2d Cir.1980), cert. denied, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981); United States v. Bryza, 522 F.2d 414, 422-23 (7th Cir.1975), cert. denied, 426 U.S. 912, 96 S.Ct. 2237, 48 L.Ed.2d 837 (1976). It may be that some expansive dicta in Epstein may someday need adjustment to modern market place realities, see, e.g., 174 F.2d at 768 ("intentional fraud, dishonest in purpose" and "actual fraud with a wrongful purpose to deceive"). It is not necessary in this case, however, to tinker with modernization of the previously cited core holding of Epstein.
 
 
 15
 The District Court, sitting as trier of fact, heard extensive proof on the trade practices, contractual arrangements, and actual course of dealing between all the principals in this case. The Court further heard live testimony from all defendants, thus enjoying a near vantage point from which to assess the credibility of these witnesses. Whether fraudulent intent has been proven is an issue for the finder of fact. See United States v. Van Dyke, 605 F.2d 220, 225 (6th Cir.), cert. denied, 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1978). Upon our own review of the record, we cannot say that the lower court's findings of no fraudulent intent were clearly erroneous; indeed, they seem correct.
 
 
 16
 We therefore need not reach the District Court's findings on fiduciary duty. The issue of duty under Sec. 1341 is one of federal law, see United States v. Shamy, 656 F.2d 951, 957 (4th Cir.1981), cert. denied, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982), and thus the standards employed in a federal mail fraud/RICO case are not necessarily those that would be employed in a straightforward state law action for equitable accounting following an alleged fiduciary breach. The judgment of the District Court on the merits thus is affirmed.
 
 III.
 
 17
 Defendants also moved for sanctions against plaintiffs under Fed.R.Civ.P. 11; the District Court denied the motion. In this Circuit, rulings on rule 11 motions are reviewed under an abuse of discretion standard. See Century Products, Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988).
 
 
 18
 With this standard in mind, we cannot say that the District Court abused its discretion in denying sanctions in this case. It would be particularly difficult to fault plaintiffs for a lack of prefiling inquiry when, as here, defendants have refused plaintiffs access to material information that would bear on certain allegations made in the complaint. The lower court's denial of rule 11 sanctions is affirmed.
 
 
 19
 Since plaintiffs have lost on the merits but won on the Rule 11 issue, we order each side to pay its own court costs.
 
 
 20
 KRUPANSKY, Circuit Judge, concurring.
 
 
 21
 I concur in the disposition of the instant case, but write separately to express my view that state courts possess concurrent jurisdiction in civil RICO cases. See Chivas Products Ltd. v. Owen, 864 F.2d 1280 (6th Cir.1988) (Krupansky, J., dissenting). Accordingly, the state court in the instant case possessed jurisdiction, the removal to federal court was proper and this court need not address the waiver analysis in the majority's opinion, predicated on Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).
 
 
 22
 Although I adhere to a jurisdictional rationale different from that of the majority, I concur in the majority's analysis of the merits of the case and, accordingly, I concur in the disposition.