868 F.2d 190
 FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee,
v.
Carol E. LeCRONE, Executrix of the estate of Robert E.
LeCrone, deceased, Defendant and Third-Party
Plaintiff-Appellant,
v.
Samuel PIERCE, Secretary of the United States Department of
Housing and Urban Development, Third-Party
Defendant-Appellee.
 No. 87-4107.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 3, 1988.
Decided Feb. 23, 1989.
Rehearing and Rehearing En Banc Denied April 17, 1989.
 
 Janice R. Franke, Legal Aid Soc. of Columbus, Columbus, Ohio, and Sue Livensparger, Legal Aid Soc. of Cincinnati, argued, Cincinnati, Ohio, for defendant and third-party plaintiff-appellant.
 Reginald W. Jackson, argued, Columbus, Ohio, for Federal Nat. Mortg. Ass'n.
 Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for Samuel Pierce.
 Before KENNEDY and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 KENNEDY, Circuit Judge.
 
 
 1
 This appeal arises out of a foreclosure action in state court brought by the Federal National Mortgage AssociationMA against Robert E. LeCrone as a result of LeCrone's default on a loan insured by the Federal Housing Administration (FHA).[1] LeCrone filed a third-party action against the Secretary of the United States Department of Housing and Urban Development (HUD). After removal of the entire case by HUD under 28 U.S.C. Sec. 1442(a)(1) (1982), the District Court granted summary judgment in favor of FNMA on its foreclosure action and HUD in LeCrone's third-party action. On appeal LeCrone argues that the District Court improperly ruled that FNMA had complied with the applicable federal mortgage servicing rules. LeCrone also asserts that the District Court erred when it held that HUD's refusal to accept an assignment of LeCrone's mortgage was not an abuse of discretion. We do not reach the merits of LeCrone's assignments of error because the case was improperly removed and thus the District Court was without subject matter jurisdiction. Accordingly, we vacate the judgment of the District Court and remand with instructions to dismiss the case for want of subject matter jurisdiction.
 
 
 2
 On January 6, 1984, FNMA filed a complaint in Ohio state court to foreclose under a note and mortgage assumed by LeCrone and insured by HUD. Mr. LeCrone filed an answer contending that FNMA had not properly serviced the loan. Specifically, LeCrone alleged violations of HUD regulations requiring mortgagees to apply for assignment to HUD of mortgages in default.[2] 2] See 24 C.F.R. Secs. 203.650,.660 (1988); U.S. Department of Housing and Urban Development, Administration of the Home Mortgage Assignment Program, HUD Handbook # 4330.2 (1979). LeCrone also filed a third-party complaint against HUD on February 28, 1984 asserting a claim that HUD's failure to consider and accept an assignment of his mortgage violated the Administrative Procedure Act (APA). See 5 U.S.C. Sec. 706 (1982).
 
 
 3
 Based on the authority of 28 U.S.C. Sec. 1442(a)(1) HUD removed the action to federal court on March 28, 1984. HUD filed a motion to dismiss LeCrone's third-party complaint for, inter alia, lack of jurisdiction. The District Court denied this motion citing Congressional waiver of sovereign immunity in 12 U.S.C. Sec. 1702 as a basis for state court and derivative federal court jurisdiction. On June 6, 1985 the District Court referred the case to a magistrate. After an evidentiary hearing and the submission of memoranda, the magistrate recommended that pending motions for summary judgment by FNMA and HUD be granted. The District Court, after considering LeCrone's objections to the magistrate's report, adopted the report and rendered judgment in favor of FNMA and HUD on September 20, 1987. This appeal followed.
 
 
 4
 A. Propriety of Removal of Third-Party Action
 
 
 5
 HUD, in its brief, argues that the District Court erred in concluding that it had jurisdiction over the subject matter of the third-party action against HUD based upon 12 U.S.C. Sec. 1702.[3] After rejecting a number of possible alternative bases for jurisdiction over the third-party action, HUD posits that perhaps the District Court had diversity jurisdiction over the foreclosure action. See 28 U.S.C. Sec. 1332 (1982). While we agree with HUD that the District Court lacked jurisdiction in this case, we base our conclusion squarely upon failure to satisfy the requirements for removal.
 
 
 6
 It is a well established, albeit not uncriticized, principle of removal jurisdiction that the federal court's exercise of jurisdiction upon removal is derivative--if the state court from whence the action is removed had no jurisdiction then the federal court "receives" none even if original jurisdiction in the federal court would have been proper.[4] See Lambert Run Coal Co. v. Baltimore & Ohio Ry., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); Chivas Prods., Ltd. v. Owen, 864 F.2d 1280, 1286 (6th Cir.1988); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Sec. 3721 at 195 (1985) (hereinafter Federal Practice and Procedure ). We therefore must determine whether the third-party claim against HUD was properly within the jurisdiction of the state court. We conclude it was not.
 
 
 7
 In examining the propriety of state-court jurisdiction over cases arising under federal laws we must presume that state courts enjoy jurisdiction concurrent with that of the federal courts. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-78, 101 S.Ct. 2870, 2874-75, 69 L.Ed.2d 784 (1981). See also Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507-08, 82 S.Ct. 519, 522-23, 7 L.Ed.2d 483 (1962). Congress, however, may choose to make federal jurisdiction exclusive either explicitly or implicitly. Therefore, we must determine whether the presumption of concurrent jurisdiction has been rebutted in this instance "by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between statecourt jurisdiction and federal interests." Gulf Offshore Co., 453 U.S. at 478, 101 S.Ct. at 2875.
 
 
 8
 LeCrone's third-party action against HUD is for judicial review of federal agency action under the APA. Although Congress did not explicitly grant federal courts exclusive jurisdiction to entertain APA suits, we believe Congress implicitly confined jurisdiction to the federal courts when it limited the waiver of sovereign immunity contained in section 702 of the Act to claims brought "in a court of the United States." 5 U.S.C. Sec. 702 (1982). See Aminoil U.S.A., Inc. v. California Water Resources Control Bd., 674 F.2d 1227, 1233 (9th Cir.1982) (quoting H.R.Rep. No. 94-1656, 94th Cong. 2d Sess. 11 (1976), reprinted in [1976] U.S.Code Cong. & Admin.News 6121, 6131); 14 Federal Practice and Procedure Sec. 3659 at 357-58. If Congress had intended the state courts to be proper fora for suits seeking judicial review under the APA Congress would have waived sovereign immunity for suits in state courts as well. By refusing to waive sovereign immunity for APA actions in the state courts Congress has implicitly vested exclusive jurisdiction over these actions in the federal courts. See Charles Dowd Box Co., 368 U.S. at 508, 82 S.Ct. at 523 (concurrent jurisdiction may be rejected because of "incompatibility in its exercise arising from the nature of the particular case"). Cf. Lane v. Central Bank of Alabama, N.A., 756 F.2d 814, 817 (11th Cir.1985) (use of term "may" in statute consistent with presumption of concurrent state-court jurisdiction).
 
 
 9
 LeCrone argues that the waiver of sovereign immunity for suits in state court against HUD contained in 12 U.S.C. Sec. 1702 allows him to bring suit against HUD in this instance. While section 1702 generally permits suits against HUD, section 1702 does not negate Congress' explicit refusal to waive sovereign immunity for state-court suits based upon violations of the APA. LeCrone may not bring HUD into state court on the basis of an APA claim and then attempt to circumvent section 702's limited waiver of sovereign immunity by relying upon the waiver contained in 12 U.S.C. Sec. 1702.
 
 
 10
 We question the propriety of permitting state courts to review the decisions of federal agencies under the APA when in fact the APA provides no independent basis for federal jurisdiction. See Califano v. Sanders, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). Since the APA itself provides no federal cause of action (except to the extent it presents a federal question), see Chelsea Community Hosp. v. Michigan Blue Cross Ass'n, 630 F.2d 1131, 1133 (6th Cir.1980), the APA should provide no independent cause of action in state court either. Furthermore, although the waiver of sovereign immunity contained in 12 U.S.C. Sec. 1702 declares that HUD is subject to suit in the state courts, section 1702 is not an independent jurisdictional grant. See, e.g., Industrial Indem., Inc. v. Landrieu, 615 F.2d 644, 647 (5th Cir.1980); Mundo Developers, Ltd. v. Wicklow Assocs., 585 F.Supp. 1324, 1327 (S.D.N.Y.1984). Lastly, no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies. Cf. United States v. Neustadt, 366 U.S. 696, 709, 81 S.Ct. 1294, 1301-02, 6 L.Ed.2d 614 (1961) (no legal relationship exists between the FHA and individual mortgagors).
 
 
 11
 Since no basis for jurisdiction existed in the state court over this APA claim against HUD, the District Court should have dismissed the third-party claim and remanded the foreclosure action. See, e.g., Nationwide Investors v. Miller, 793 F.2d 1044, 1048 (9th Cir.1986); Cummings v. United States, 648 F.2d 289, 291-92 (5th Cir.1981).
 
 
 12
 B. Propriety of Retained Jurisdiction over the Foreclosure Action
 
 
 13
 Although not specifically addressed by the parties, we must determine whether the District Court could properly exercise jurisdiction over the foreclosure proceedings brought by FNMA against LeCrone. But for our holding above, the District Court would have had pendent jurisdiction over the foreclosure suit by virtue of its exercise of jurisdiction upon removal of the third-party action. Without the third-party action as a basis for jurisdiction, we must examine whether the District Court was devoid of jurisdiction to enter summary judgment in the underlying foreclosure action.
 
 
 14
 No independent basis exists for removal of the foreclosure action. First, assuming the parties here to be diverse,[5] defendant LeCrone could not remove the action under 28 U.S.C. Sec. 1441 because removal of a diversity case is available only if the defendant is not a citizen of the state in which the action is brought. Pack v. Rich Terminal Co., 502 F.Supp. 58, 59 (S.D.Ohio 1980); 14A Federal Practice and Procedure, Sec. 3721 at 208. LeCrone, as a resident of Columbus, Ohio, see JA at 488, could not remove the foreclosure action if its federal jurisdictional basis were diversity. Second, LeCrone could not remove the foreclosure action without regard to the citizenship of the parties under section 1441's treatment of "federal question" cases because the suit between FNMA and LeCrone does not "arise under" federal law. See 28 U.S.C. Sec. 1331 (1982). A cause of action falls within the district court's federal question jurisdiction only when the plaintiff's well-pleaded complaint raises issues of federal law. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-48, 77 L.Ed.2d 420 (1983); Taylor v. General Motors Corp., 763 F.2d 216, 219 (6th Cir.1985), rev'd sub nom. on other grounds, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). FNMA's complaint for foreclosure of LeCrone's mortgage raises no federal issues and thus the suit between FNMA and LeCrone does not present a federal question for removal analysis, Mr. LeCrone's reliance upon federal regulations in his defense notwithstanding.
 
 
 15
 Finding no independent basis for removal of the foreclosure action, we hold that the District Court lacked subject matter jurisdiction over the suit between the FNMA and LeCrone.[6]
 
 C. The Grubbs Exception
 
 16
 In Grubbs v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), the Supreme Court created an exception to the doctrine of derivative jurisdiction in the removal context. The Grubbs Court held that after removal if a case is tried on the merits without objection and judgment entered, the appellate court should not concern itself with whether removal was proper but should examine "whether the federal district court would have had original jurisdiction of the case had it been filed in that court." Id., at 702, 92 S.Ct. at 1347. See also Chivas Prods., at 1286-1287; Morda v. Klein, 865 F.2d 782, 784 (6th Cir.1989). This exception ensures that substantial judicial resources already expended in reaching a judgment will not be needlessly wasted if the case could have been brought in the federal court in the first instance. We decline, however, to extend Grubbs to the case at bar.
 
 
 17
 In Chivas Products, this Court expressed "no opinion on the propriety of application of the Grubbs exception to cases resolved on summary judgment." Although final judgment has been rendered in this case, we do not think the circumstances here justify an application of the exception. Unlike Grubbs and Morda, one of the parties in this case, namely HUD, presented the issue of the lack of subject matter jurisdiction to the District Court at the time of removal. See Western & Southern Life Ins. Co. v. Smith, 859 F.2d 407, 409-10 (6th Cir.1988) (applying Grubbs based upon failure of parties to advance the jurisdictional issue before the federal district court or on appeal). Furthermore, unlike the case in Morda where the parties had engaged in a three-week trial before the District Judge, the parties in the instant case have simply filed briefs and motions and appeared for a hearing before a magistrate. We think that neither the desire to discourage jurisdictional sandbagging nor a concern for judicial economy justify application of the Grubbs exception on the facts of this case.
 
 
 18
 For the foregoing reasons the judgment of the District Court is VACATED and the cause is REMANDED to the District Court with instructions to dismiss the case for want of subject matter jurisdiction.
 
 
 
 [1]
 After the death of Robert E. LeCrone, Carol E. LeCrone, executrix of Mr. LeCrone's estate, was substituted as defendant and third-party plaintiff-appellant
 MA also brought suit against Theresa Reed, a prior mortgagor who conveyed to Mr. LeCrone. FNMA obtained a default judgment against Reed and this aspect of the case is not before this Court.
 
 
 [2]
 During the course of these proceedings LeCrone has expanded his assertions against FNMA to include failure to properly contact the mortgagor and failure to consider forebearance relief. See 24 C.F.R. Secs. 203.604, .614, .616 (1988)
 
 
 [3]
 Although in its brief HUD states that it "does not at this stage of these proceedings urge dismissal on the basis of lack of jurisdiction," this Court has an independent obligation to examine jurisdictional questions
 
 
 [4]
 Congress has abolished the doctrine of derivative jurisdiction by statute. See 28 U.S.C. Sec. 1441(e) (1982). The instant action, however, was commenced before the effective date of section 1441(e) thus we must apply the doctrine in the case at bar
 
 
 [5]
 FNMA is a " '[g]overnment-sponsored private corporation,' regulated by the Secretary [of HUD with] a status analogous to that of the Federal land banks and the Federal home loan banks." H.R.Rep. No. 1585, 90th Cong., 2d Sess. (1968), reprinted in [1968] U.S.Code Cong. & Admin.News 2873, 2943-44. A federally chartered corporation with more than 50% of its stock in non-government hands operating among several states "has no state citizenship for jurisdictional purposes." 13B Federal Practice and Procedure, Sec. 3627 at 660. We express doubt whether FNMA can sue or be sued on the basis of diversity jurisdiction. See Hancock Fin. Corp. v. Federal Savs. & Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir.1974). But cf. Northrip v. Federal Nat'l Mortgage Ass'n, 527 F.2d 23, 24 (6th Cir.1975)
 
 
 [6]
 Given the definite lack of federal question jurisdiction and only the tenuous possibility of diversity jurisdiction over the foreclosure action, we decline to allow the District Court to retain jurisdiction over the foreclosure action for the sake of judicial efficiency based upon any original diversity jurisdiction which might exist in the District Court exclusive of any jurisdiction conferred by removal