**Dawna DENT, Plaintiff,**

v.

**PACKERLAND PACKING COMPANY, INC., Defendant.**

**Nos. 4:CV92–3097 to 4:CV92–3103.**

United States District Court, D. Nebraska.

March 30, 1992.

Kenneth L. Cobb, Cobb, Hallinan Law Firm, Lincoln, Neb., for plaintiff.

Brian D. Nolan, Hansen, Engles Law Firm, Omaha, Neb., for defendant.

Susan L. Knight, U.S. Atty., Lincoln, Neb., for interested party.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

The United States has filed notices of removal in these cases attempting to quash a subpoena now pending in the state court actions, before the District Court of Scotts Bluff County, Nebraska. A federal employee has been subpoenaed to appear for a deposition in the pending state court actions. The United States seeks to quash the subpoena by removing the motion to federal court and having this court rule upon it.[1] The United States claims removal jurisdiction under 28 U.S.C. § 1441, 1442, and 1446. However, in the brief accompanying the motion to quash the subpoena, there is no indication of the source of this court's jurisdiction to rule on the motion.

Removal jurisdiction is derivative; that is, the federal court acquires through removal only the jurisdiction that was possessed initially by the state court. See, e.g., *Federal Nat. Mortg. Ass'n v. LeCrone,* 868 F.2d 190 (6th Cir.1989). Thus, if it is the position of the United States that the state court did not have authority to protect the federal officers from the subpoenas at issue, this court would not acquire the power to do so by removing the state court action here.

In addition, the removal statutes speak of removing a civil "action." There is no authority cited for the proposition that a small portion of a civil case, i.e., a motion to quash a subpoena, may be removed under the authority of the cited statutes.

In addition, there is no showing that the entirety of the civil actions pending in this District Court of Scotts Bluff County are removable themselves under the auspices of 28 U.S.C. §§ 1441, et seq., as the pleadings from those actions are not before this court, and there is no basis to conclude that federal jurisdiction exists over the actions themselves.

For all of these reasons, I conclude that it would be improper to take up the matter of the motions to quash, because they are not accompanied by a proper showing of this court's jurisdiction to address them.

IT THEREFORE HEREBY IS ORDERED, the motions to quash subpoena in each of the captioned cases are remanded to the District Court of Scotts Bluff County, Nebraska.

---

1. Each of the cases involves a subpoena for a different federal employee, but all of the employees are said to be employees of the Meat and Poultry Inspection Program, Food Safety Inspection Service, United States Department of Agriculture. For purposes of this memorandum and order, they are treated as identical.