[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11705
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 4, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00224-CEH-SPC

SAID M. KARARA,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 4, 2010)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Said Karara requested an interest abatement from the Internal Revenue

Service, which the IRS denied. Karara sought review of this denial in the district

court. The district court dismissed his case for lack of subject matter jurisdiction. Karara now appeals, pro se, contending that the district court had subject matter jurisdiction.

Congress has mandated that "[t]he Tax Court shall have jurisdiction" for the review of the IRS' denial of a request for abatement. 26 U.S.C. § 6404(h)(1). The Supreme Court in Hinck v. United States, 550 U.S. 501, 127 S.Ct. 2011 (2007), held that the Tax Court is the exclusive forum to review an abatement denial. Id. at 506, 127 S.Ct. at 2015. Here, because Karara challenges the IRS' denial of his request for abatement under 26 U.S.C. § 6404, the Tax Court is the exclusive forum available to him. See Id.

In spite of that clear precedent, Karara argues that the district court is a proper forum because a standard IRS letter that he received states, "[i]f you do not wish to use the Appeals Office or disagree with its findings, you may be able to take your case to the U.S. Tax Court, U.S. Court of Federal Claims, or the U.S. District Court where you live." A letter cannot confer jurisdiction that does not otherwise exist. See Minnesota v. United States, 305 U.S. 382, 388–99, 59 S.Ct. 292, 295 (1939) ("Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States."), superseded by statute on other grounds as stated in

Morda v. Klein, 865 F.2d 782, 783 (6th Cir. 1989).

**AFFIRMED.**