**Rita M. ANDERSON, Plaintiff-Appellant,**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants-Appellees.**

**No. 81–1481.**

United States Court of Appeals, Tenth Circuit.

Feb. 24, 1983.

Guillermo R. Garibay, Greeley, Colo. for plaintiff-appellant.

Robert Gay Guthrie, Asst. U.S. Atty., Denver, Colo. (Joseph Dolan, U.S. Atty. and Roland J. Brumbaugh, Asst. U.S. Atty., Denver, Colo., on brief), for defendant-appellee, U.S. Dept. of Housing and Urban Development.

Robert Dunlap, Colorado Springs, Colo., for defendant-appellee Utah Mortgage Loan Corp.

Before DOYLE, SEYMOUR and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an action for declaratory and injunctive relief and for review of a decision of the United States Department of Housing and Urban Development, HUD. Jurisdiction lies under 28 U.S.C. §§ 1331 and 1361. The district court denied relief and dismissed the action. We affirm.

Plaintiff-appellant Rita M. Anderson mortgaged her Denver, Colorado, home to defendant-appellee Utah Mortgage Loan Corporation, Utah. Defendant-appellant HUD insured payment under 12 U.S.C. § 1709, referred to in the briefs as the "§ 203 Program." The original amount of the mortgage was $22,650.00 payable in installments. Utah demanded payment and rejected tendered payments because of inadequacy of amount and insufficiency of account funds to cover tendered checks.

On October 2, 1979, Utah wrote Anderson of its intent to foreclose, and gave notice of her right to request an assignment of the mortgage to HUD. R. vol. IV, p. 220. Utah again wrote plaintiff on November 6, 1979, stating that it had begun foreclosure proceedings and again telling her of her right to request that HUD accept a mortgage assignment to prevent foreclosure. R. vol. IV, p. 222.

On April 21, 1980, HUD wrote plaintiff acknowledging her request for assignment and requesting detailed information. R. vol. IV, p. 224.

On July 2, 1980, HUD denied plaintiff's request that it take an assignment. R. vol. IV, p. 182. On November 4, 1980, the present action was filed. After a December 31, 1980, hearing on plaintiff's motion for a preliminary injunction, the district court ordered, R. vol. II, pp. 76–77, that HUD hold an "assignment conference" to consider plaintiff's assignment request. That conference was held on January 8, 1981, and the proceedings were reported and transcribed. See R. vol. IV, pp. 1–89. The plaintiff attended with her lawyer. She and her mother testified and other evidence was received. At the conclusion, plaintiff's counsel was given the opportunity to submit further information. Various medical reports and employment records were received. On February 13, 1981, HUD denied the assignment request. R. vol. IV, p. 99. The action taken was in the form of a letter to plaintiff from the Director, Loan Management and Property Disposition Division of HUD at its Denver, Colorado, office.

HUD filed its administrative record in the district court. After review of that record, and after a hearing, the court upheld the action taken by HUD.

■ The parties have not called our attention to, and we have not found, any statutory or regulatory provision for administrative review of a denial of an assignment request. Accordingly, we review the administrative record. The first problem is the scope of judicial review under the Administrative Procedures Act, 5 U.S.C. § 706. We are concerned with informal agency action, not with rule making or action taken after an adjudicatory hearing. Guidelines for review of informal agency action are stated in *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415–417, 91 S.Ct. 814, 823, 28 L.Ed.2d 136. The Tenth Circuit has considered and followed those guidelines in *American Petroleum Institute v. E.P.A.,* 10 Cir., 540 F.2d 1023, 1029, cert. denied, 430 U.S. 922, 97 S.Ct. 1340, 51 L.Ed.2d 601, and *C F & I Steel Corp. v. Economic Development Administration,* 10 Cir., 624 F.2d 136, 139. Essentially, the function of judicial review is to determine (1) agency authority, (2) agency compliance with prescribed procedures, and (3) any claim that agency action is arbitrary, capricious, or an abuse of discretion. *C F & I Steel Corp.,* supra, 624 F.2d at 139.

The National Housing Act was intended to provide assistance to attain the goal of a suitable living environment for every American family. 42 U.S.C. § 1441. Section 203 of the Act, now codified as 12 U.S.C. § 1709, was originally enacted in 1934 and amended many times. The program was designed to make homes accessi-

ble to low income families by providing mortgage insurance to permit mortgagees to make more favorable loans than were obtainable on the market. See e.g. § 1709(b)(5) and (6). Mortgagees approved by the Secretary, § 1709(b)(1), were induced to make essentially risk-free mortgages by being guaranteed against loss in event of default.

Section 1709(a) authorizes the Secretary to insure an eligible mortgage on such terms as he may prescribe. Section 1715b authorizes the Secretary to make necessary rules and regulations. Section 1709 makes no provision for the assignment of a mortgage to HUD. A regulation, 24 C.F.R. § 203.650, provides that the Secretary "will accept assignments of mortgages insured under this Part in order to avoid foreclosure" when specified conditions are met. HUD has also adopted a Handbook entitled "Administration of Insured Home Mortgages," which establishes procedural guidelines.

Plaintiff claims injury because of HUD's denial of her request for mortgage assignment and asserts violations of the applicable statutes, 12 U.S.C. § 1701 et seq., the regulations, 24 C.F.R. § 203 et seq., and the Handbook. The argument questions agency authority. We reject the argument because we find nothing in the mentioned citations which impose an obligation on HUD to any party in a mortgage transaction other than the mortgagee. See *Marcus Garvey Square v. Winston Burnett Const.,* 9 Cir., 595 F.2d 1126, 1130.

The next problem relates to compliance with prescribed procedures. We find no violation of any statutorily prescribed procedure. The provisions of 24 C.F.R. § 203.-650, are pertinent and will be discussed later. The HUD Handbook contains " 'instructions,' 'technical suggestions,' and 'items' for consideration." *Thorpe v. Housing Authority,* 393 U.S. 268, 275, 89 S.Ct. 518, 522, 21 L.Ed.2d 474. It establishes no private cause of action. *Harrison v. Housing Authority,* N.D.Ga., 445 F.Supp. 356, 359, aff'd, 592 F.2d 281. The Handbook provisions are pertinent only to the question of capricious action amounting to abuse of discretion.

At the second assignment conference, ordered by the district court, plaintiff was given full opportunity to support her request for assignment. She was divorced from her husband and lived in her mortgaged home with three children. She was employed almost continuously from 1973 to the time of the second conference. To support her claim of illness various medical reports were presented, but aside from her own statements, no report showed inability to work except possibly a short time in 1978–1979. At the time of the hearing she was employed at Mount Airy Psychiatric Center as a secretary and had been so employed since August 25, 1980. R. vol. IV, p. 107. Her base pay was $841.01 a month. R. vol. IV, p. 162. Previously she was employed by Marriott In Flight Services from November 21, 1979, to August 8, 1980. Id. at p. 106. When she voluntarily left Marriott her base pay was $7,280 a year. Id. at p. 106. She received a children's allowance from her divorced husband of $109.00 a month. She said that her parents would contribute $100.00 a month to help her.

In its July 2, 1980, rejection of plaintiff's assignment request, HUD said, R. vol. IV, p. 182, "It does not appear that your failure to make your mortgage payment was caused by circumstances beyond your control, but due to an improper regard for your mortgage obligation." On February 13, 1981, after the second conference, HUD rejected her request with this statement, Id. at 99:

"The information which was supplied at the conference on January 8, 1981, did not present sufficient justification which would cause the Department to change it's [sic] position. If the Department were to recast the delinquency, it would require an additional monthly payment of $121 to the regular payment of $222, making a total monthly payment of $343 exclusive of utility costs.

At the conference you stated that you had approximately $200 cash on hand with no other savings. Given this fact of less than one month's payment in savings

accumulated over the past 19 months, suggests to the Department that while you have been able to live in this property, you have not taken any responsibility for the payment of your obligations. Lastly, we must conclude that your default was not occasioned by circumstances beyond your control and the Department will not accept an assignment of your home."

The Department's action shows that it took into consideration the provisions of the Handbook relative to circumstances beyond the mortgagor's control and to the desirability of recasting the mortgage if possible. We find nothing to indicate that in making its findings the Department either ignored or violated the Handbook.

Plaintiff asserts a violation, by mortgagee Utah, of 24 C.F.R. § 203.554(a) which says that a mortgagee shall not commence foreclosure for failure to pay a late charge or charges. Utah twice gave plaintiff notice of default and its intent to foreclose. The first foreclosure was dismissed on stipulation and the second foreclosure instituted over two months later for default in monthly payments, not late charges. Section 203.554(a) does not give a mortgagee perpetual immunity from foreclosure.

Section 203.650, 24 C.F.R., authorizes the HUD acceptance of a mortgage assignment on stated conditions. One condition, subsection (5), is default "caused by circumstances beyond the mortgagor's control." Another, subsection (6), is reasonable prospect for payment in full by reduction, suspension, or extension of payments. HUD found that the default was not caused by circumstances beyond plaintiff's control and that plaintiff had not taken any responsibility for payment of the mortgage. R. vol. IV, p. 99.

Judicial review of informal agency action is not governed by the substantial evidence rule. The controlling test is whether the record facts supporting agency action are adequately adduced and rationally applied. *C F & I Steel Corp.*, supra, 624 F.2d at 139. We agree with the trial court, R. vol. I, p. 65, that the administrative record shows compliance with the Housing Act and regulations and that the action taken was not arbitrary, capricious, or an abuse of discretion.

Affirmed.