**Joan BROWN, a single woman, Plaintiff,**

v.

**Jack KEMP, Secretary of the Department of Housing and Urban Development; and Golddome Realty Credit Corporation, a Washington Corporation; and Trustee Services, a Washington Corporation, Defendants.**

**No. C89–63WD.**

United States District Court, W.D. Washington.

May 12, 1989.

Bonnie Bayes McDaniel, Tracy, McDaniel & Buchholz, Bremerton, Wash., for plaintiff.

Christopher Pickrell, Asst. U.S. Atty., for defendants.

MEMORANDUM DECISION ON MOTIONS FOR SUMMARY JUDGMENT

DWYER, District Judge.

This case was originally captioned *Brown v. Pierce, et al.* Jack Kemp has been automatically substituted as new Secretary of the Department of Housing and Urban Development. Fed.R.Civ.P. 25(d)(1). Both plaintiff and defendant Kemp ("defendant") have moved for summary judgment. All materials filed in support of or opposition to the motions have been fully considered. By minute order entered May 4, 1989, the court granted plaintiff's motion and denied defendants' motion. This memorandum decision supplements the minute order.

I. BACKGROUND

The facts are not in dispute. Plaintiff is a self-employed woman who is physically handicapped as the result of polio. She

obtained a loan to purchase a home in January 1985. The loan is insured by the Federal Housing Administration ("FHA"). 12 U.S.C. § 1715 *et seq.*

In late 1986 plaintiff's business began suffering a series of setbacks that decreased her income. By February 1988 she had fallen behind in her mortgage payments.

Plaintiff applied to the Department of Housing and Urban Development ("HUD") for participation in a mortgage assignment program under which HUD takes assignment of certain FHA-insured mortgages to avoid foreclosure. 12 U.S.C. § 1715u. Under this program payments are reduced or suspended for up to thirty-six months, and the debt is refinanced over a period of up to ten years longer than the original loan. *Id.* HUD is required to accept for the assignment program applicants who meet six criteria for eligibility. *Federal Nat'l Mortgage Ass'n v. Rathgens*, 595 F.Supp. 552, 553 (S.D. Ohio 1984) (citing 24 C.F.R. ¶ 203.650). HUD denied plaintiff's application based on its conclusion that she did not meet the fifth and sixth criteria. HUD Loan Management Program File 70–71 (hereinafter "HUD File"). Plaintiff appealed the denial, but HUD denied her appeal. HUD File 94–95.

Plaintiff then filed this action seeking to compel HUD to accept her for the assignment program. A preliminary injunction was issued pending a resolution of the case. Order of Jan. 20, 1989.

Neither party has requested oral argument on the cross-motions for summary judgment.

## II. DISCUSSION

### A. *Standard of Review*

HUD's decision on an assignment program application is informal agency action. *Anderson v. Department of Hous. & Urban Dev.*, 701 F.2d 112, 113 (10th Cir.1983). The applicable standard of review requires that the court hold unlawful and set aside informal agency action found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5

U.S.C. § 706(2)(A), *quoted in Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). The *Overton Park* Court elaborated on the standard as follows:

> To make this finding the court must consider whether the decision was based on a consideration of the relevant facts and whether there has been a clear error of judgment. Although this inquiry into the facts is to be searching and careful, the standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.

*Overton Park*, 401 U.S. at 416, 91 S.Ct. at 823–24.

### B. *HUD's Denial of Plaintiff's Application*

The record compels a finding that HUD's decision to deny plaintiff's application was arbitrary, capricious, and an abuse of discretion. The agency reached two conclusions in denying the application: (1) that plaintiff did not meet the fifth criterion of the assignment program, because her default was not caused by circumstances beyond her control; and (2) that she did not meet the sixth criterion, because there was not a reasonable prospect that she would be able to resume and complete payments within the time allowed by regulation. Neither conclusion is supported by the record or by HUD's own regulations.

#### 1. *Circumstances Beyond Plaintiff's Control*

Under the applicable regulation, a mortgagor may be accepted into the assignment program only if her default was "caused by circumstances beyond the mortgagor's control." 24 C.F.R. ¶ 203.650(a)(5). HUD concluded that because plaintiff chose to be self-employed, her business difficulties and resulting decline in income were not circumstances beyond her control. It stated: "Your decision to be self-employed is a matter of personal choice. As an owner of a business, all decisions affecting its operation are within your control." HUD File 71; *see also id.* at 72 (HUD analysis form regarding assignment criteria).

■ HUD's conclusion that plaintiff's self-employment disqualifies her from consideration for the assignment program is unsupportable.

First, the agency's own regulations state that "[c]urtailment of family income, such as unemployment or underemployment" are examples of circumstances beyond the mortgagor's control. HUD Handbook No. 4330.2 at 2–3. If a wage-earner is forced to take a pay cut due to business losses suffered by his employer, the regulation treats that as a circumstance beyond the borrower's control. There is no reasonable basis for refusing to apply the regulation even-handedly to one who is self-employed. Nor is there anything in the record to suggest any lack of business diligence on plaintiff's part.

Second, the presence of one supposed element of choice does not necessarily exclude a mortgagor from the assignment program. For example, in *James v. Department of Housing & Urban Development*, No. 4–81–457, slip op., 1982 WL 1760 (D. Minn. July 8, 1982), the court granted summary judgment against HUD and required it to accept the plaintiff for the assignment program. The mortgagor had found that she had to quit her job to take care of her grandchildren. The agency concluded: "As these decisions were conscious decisions on your part, we cannot consider the circumstances which caused the default to be beyond your control." *Id.* The court held that HUD's conclusion was not reasonably based on substantial evidence, because the agency had seized on the "mere presence of the element of choice" to deny plaintiff's application. *See also Rathgens,* 595 F.Supp. at 556; *cf. Lamison v. Department of Hous. & Urban Dev.,* No. 83–766 (W.D.Pa. Apr. 1, 1983) (order granting temporary restraining order).

Defendant relies on *Miasel v. Pierce,* 650 F.Supp. 21 (D.Minn.1986). The self-employed plaintiffs in that case fell behind in their mortgage payments when their business failed. HUD denied their application for the assignment program. The district court granted the agency's motion for summary judgment because "the failure of plaintiffs' business was caused by circumstances within [their] control." *Id.* at 25.

However, *Miasel* is distinguishable. The plaintiffs there made a decision to become self-employed *after* buying their house. Plaintiff here was self-employed for several years *before* buying her home. The *Miasel* court emphasized the change in employment status:

> HUD determined that plaintiffs decided to purchase and operate a restaurant ... shortly after securing the FHA-insured loan on their home, and that by making this decision plaintiffs put at risk their ability to meet their mortgage obligations. Thus HUD determined that the plaintiffs' default was caused by circumstances within their control.

*Id.* at 24. To broaden *Miasel* to a case such as this would in effect create a rule that self-employed people are ineligible for the assignment program. No such rule would be consistent with the current regulations and the policies they implement.

### 2. *Reasonable Prospect of Repayment*

The sixth criterion requires that there be "a reasonable prospect that the mortgagor will be able to resume full mortgage payments after a period of reduced or suspended payments not exceeding 36 months and will be able to pay the mortgage in full by its maturity date extended, if necessary, by up to 10 years." 24 C.F.R. ¶ 203.650(a)(6). In support of her request for reconsideration by HUD, plaintiff submitted a business plan which forecast significant improvements in her income. The agency rejected the plan as being "an optimistic prediction." HUD File 95.

■ On the record presented, HUD's conclusion that plaintiff has no reasonable prospect of repaying the loan was arbitrary and capricious. Under the agency's regulations, prospects for "employment or salary increases" are to be considered in determining whether the mortgagor can resume and complete payments. HUD Handbook No. 4330.2 at page 2–6. Plaintiff's forecast of improved business revenues and resultant increases in income are analogous to a pro-

448

spective increase in salary. Agency regulations that state that "all doubts as to future employability should be resolved in his/her favor" can also be applied to a self-employed person attempting to improve her business. *Id.* Plaintiff has shown tenacity in overcoming difficulties. Despite having had polio in childhood, she has reared a child by herself and has built a business over the course of thirteen years. HUD had no reason to dismiss plaintiff's projections out-of-hand.

## III. CONCLUSION

The goal of the National Housing Act is to "provide a decent home and a suitable living environment for every American family." *Rathgens*, 595 F.Supp. at 553. The assignment and insurance programs relevant to plaintiff's mortgage were both developed to further that goal. *Id.* Congress's intent in requiring that the default be caused by circumstances beyond the mortgagor's control was "to direct [HUD's] attention to 'deserving homeowners in hardship cases.'" *Id.* at 555 (quoting S.Rep. No. 924, 86th Cong., 1st Sess., *reprinted in U.S.Code Cong & Ad.News* 2844, 2853). Notwithstanding these goals, HUD rejected plaintiff's application because she is self-employed. The rejection was arbitrary and capricious for the reasons given above.

Accordingly, plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. The agency's decision not to accept plaintiff's application for the assignment program is reversed, and defendant is directed to accept plaintiff's application. The clerk will enter judgment accordingly.