**Richard EDWARDS, Plaintiff,**

v.

**Jack KEMP, Secretary of U.S. Department of Housing and Urban Development, Defendant.**

No. C–1–91–532.

United States District Court, S.D. Ohio, W.D.

March 10, 1992.

Sue Ellen Livensparger, Mark Justin Cardosi, Legal Aid Soc. of Cincinnati, Cincinnati, Ohio, for plaintiff.

Donetta Donaldson Wiethe, U.S. Dept. of Justice, Cincinnati, Ohio, for defendant.

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF

SPIEGEL, District Judge.

This matter is before the Court for consideration of cross-motions for summary judgment (doc. 7 and doc. 8). The defendant also filed a reply in support of its motion for summary judgment (doc. 9). For the reasons set forth below, the plaintiff's motion for summary judgment is hereby granted. The defendant's motion for summary judgment is denied.

### BACKGROUND

In August, 1988, Richard Edwards executed a mortgage with Villa Mortgage, Inc. for $34,202 in order to buy a single family home located at 1246 Rosemont Avenue, Cincinnati, Ohio. Villa Mortgage, Inc. immediately assigned the loan to Merchants Mortgage Corporation. Mr. Edwards' loan was secured by federal mortgage insurance HUD provided pursuant to its "Section 203" home mortgage insurance program.

Mr. Edwards was employed by Community Limited Case Dialysis from September,

1988 through October, 1990. During that time, he made regular payments on his mortgage.

On October 4, 1990, Mr. Edwards' employment with Community Limited terminated. Mr. Edwards' uncontradicted description of that days events provides:

I was told that I was going to be let go for "unreconcilable expectations differences". [sic] I was not meeting their performanence [sic] expectations, but I was doing all that could be done. I thought that a firing would be bad for my record, so they let me resign.

Ex. 10 to doc. 7. Mr. Edwards did not apply for unemployment compensation, but worked part-time for Jarar Window Systems, Inc. and Gannett Tel–Sel, Inc. Three months later, Mr. Edwards obtained full-time employment with Transitions, Inc., a Newport, Kentucky health care facility. Although he was paid $10 per hour by Community Limited, Mr. Edwards receives only $5 per hour at Transitions. He continues to seek a full-time position offering higher wages.

In the meantime, the mortgagee declared Mr. Edwards' mortgage in default as of December 1, 1990. The mortgagee advised Mr. Edwards that it intended to foreclose his mortgage, and that he had the right to request that the Secretary, as mortgage insurer, accept assignment of the defaulted mortgage, rather than require conveyance of the deed in satisfaction of the mortgage.

Mr. Edwards requested a mortgage assignment in lieu of foreclosure, and completed the appropriate forms to determine his eligibility. On April 26, 1991, HUD issued a preliminary decision rejecting Mr. Edwards' request for an assignment. Ex. 7 to doc. 7. HUD based its decision on the conclusion that the default was not caused by a circumstance beyond Mr. Edwards' control. *Id.*

Mr. Edwards requested a conference with HUD and provided documentation to support his eligibility for an assignment. After the March 21, 1991 conference, HUD issued a final decision rejecting Mr. Edwards' mortgage assignment application.

Ex. 12 to Doc. 7. The HUD decision provided in part:

You do not meet the criterion that the default has been caused by circumstances beyond your control which rendered you financially unable to cure the delinquency within a reasonable time.... The cause for your default cannot be attributed to circumstances beyond your control. Information which you provided indicates that you voluntarily terminated your employment. Therefore, it can only be concluded that the cause for your default was due to a matter which was self-induced.

*Id.*

Mr. Edwards then obtained legal counsel from the Legal Aid Society of Cincinnati. His attorney requested reconsideration of HUD's final agency decision, but reconsideration was denied. Mr. Edwards then initiated this appeal. A foreclosure action is currently pending against Mr. Edwards in Hamilton County, Ohio. *Merchants Mortgage Corp. v. Richard G. Edwards,* No. A9105422 (Ham. Co. Ohio).

### STANDARD OF REVIEW

HUD's determination of eligibility for the assignment program is subject to judicial review under the Administrative Procedure Act. *Western & Southern Life Insurance Co. v. Smith,* 859 F.2d 407 (6th Cir.1988). Pursuant to the Administrative Procedure Act, a court shall set aside agency actions or findings found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.A. § 706(2)(A) (1977).

Under the narrow arbitrary and capricious standard, a reviewing court may not substitute its judgment for that of the agency. *Motor Vehicle Manufacturers Ass'n. v. State Farm Mutual Automobile Insurance Co.,* 463 U.S. 29, 42–43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1983). However:

[A]n agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, of-

fered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* at 43, 103 S.Ct. at 2866. Further, an agency's findings must be supported by substantial evidence in the record. *Id.* at 44, 103 S.Ct. at 2867.

■ The record must be reviewed as a whole, and the reviewing court must review the record as presented to the agency representative at the time of the decision. *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). In addition, the mortgagor bears the burden to establish a proper record to support his claim of eligibility for participation in the mortgage assignment program. *Western & Southern Life Insurance Co. v. Smith*, 859 F.2d 407 (6th Cir.1988).

## DISCUSSION

■ The HUD mortgage insurance program facilitates homeownership by those who may otherwise be unable to obtain financing for a home in an effort to provide a "decent home and suitable living environment for every American person." 12 U.S.C.A. § 1710 (1989). Pursuant to the mortgage insurance program, lenders make loans to certain persons who otherwise would be unable to obtain financing, and HUD insures the mortgage and guarantees payment of it should the mortgagor default. Upon default, the United States may exchange insurance proceeds for title to the mortgaged property, or it may explore various forbearance alternatives in an effort to avoid foreclosure. Pursuant to one such alternative, HUD may accept an assignment of the mortgage as authorized by 12 U.S.C. § 1715u.

Section 1715u was amended in 1980, providing in part, "When the Secretary receives notice of a default ... the Secretary (for the purpose of avoiding foreclosure ... ) shall, if determined necessary by the Secretary, acquire the mortgage...." 12 U.S.C.A. § 1715u(b)(1) (1989). Pursuant to 24 C.F.R. § 203.650:

(a) The Secretary *will accept* assignment of mortgages insured under this part in order to avoid foreclosure when the following conditions are met:

(1) The mortgagee has informed the mortgagor that it intends to foreclose the mortgage;

(2) At least three full monthly installments due on the mortgage are unpaid after application of any partial payments which may have been accepted but not yet applied to the mortgage account;

(3) The property is the mortgagor's principal place of residence....

(4) The mortgagor does not own other property subject to a mortgage insured or held by the Secretary....

(5) The mortgage's default has been cause by circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency within a reasonable time or make full mortgage payments; and

(6) There is a reasonable prospect that the mortgagor will be able to resume full mortgage payments after a period of reduced or suspended payments not exceeding 36 months and will be able to pay the mortgage in full by its maturity date extended, if necessary, by up to ten years.

*Id.* (emphasis added).

In the case at bar, all parties agree that (1) Merchants Mortgage Corporation informed Mr. Edwards it intended to foreclose his mortgage; (2) at least three monthly payments are due on the mortgage; (3) 1246 Rosemont Avenue is Mr. Edwards' principal place of residence; (4) Mr. Edwards does not own other property subject to a mortgage insured or held by HUD; and (5) there is a reasonable prospect that Mr. Edwards will be able to resume full mortgage payments as prescribed by the regulations. The issue, then, is whether HUD abused its discretion or acted arbitrarily or capriciously in determining that Mr. Edwards' default was caused by circumstances within his control.

In the case at bar, Mr. Edwards completed an assignment application. In that application, Mr. Edwards stated, "In 10/90 I

was forced out of a job that I had since 1988." Ex. 5 to doc. 7. At HUD's request, Mr. Edwards provided a further statement describing his termination in more detail, stating:

> I was a service technician for Community Limited Care Dialysis from 9/6/88 to 10/4/90. I was told that I was going to be let go for "unreconcilable expectation differences". [sic] I was not meeting their performanence [sic] expectations, but I was doing all that could be done. I thought that a firing would be bad for my record, so they let me resign.

Ex. 9 to doc. 7.

Mr. Edwards' assertions are not contradicted anywhere in the record. In fact, Mr. Edwards' former employer completed a form at HUD's request. In the box marked "reasons for leaving," the employer certified that the separation occurred due to "unreconcilable expectation differences." Ex. 11 to doc. 7.

## CONCLUSION

Because there is absolutely no evidence anywhere in the record presented to HUD to contradict Mr. Edwards' claim that his termination was beyond his control, we conclude that HUD's rejection of Mr. Edwards' mortgage assignment application was arbitrary, capricious and an abuse of discretion. Accordingly, the plaintiffs' motion for summary judgment is hereby granted, and the Secretary for the United States Department of Housing and Urban Development is hereby ordered to accept an assignment of Mr. Edwards' mortgage pursuant to 12 U.S.C. § 1715u. The defendant's motion for summary judgment is hereby denied.

SO ORDERED.