**Richard EDWARDS, Plaintiff,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

**Civ. No. C–1–91–532.**

United States District Court, S.D. Ohio, W.D.

Oct. 7, 1992.

Sue Ellen Livensparger, Mark Justin Cardosi, Legal Aid Soc. of Cincinnati, Cincinnati, Ohio, for plaintiff.

Donetta Donaldson Wiethe, U.S. Dept. of Justice, Cincinnati, Ohio, for defendant.

## ORDER AWARDING ATTORNEY'S FEES

SPIEGEL, District Judge.

This matter is before the Court on the motion by the Plaintiff's Counsel for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a) and (d) in the amount of $2,193.75 (doc. 13), the Defendant's Response (doc. 15), and the Plaintiff's Reply (doc. 16).

This Court has already granted the Plaintiff's Motion for Summary Judgment (doc. 11), 795 F.Supp. 856. We summarized our holding in the final paragraph of that Order as follows: "[b]ecause there is absolutely no evidence anywhere in the record presented to HUD to contradict Mr. Edwards' claim that his termination was beyond his control, we conclude that HUD's rejection of Mr. Edwards' mortgage assignment application was arbitrary, capricious, and an abuse of discretion." *Id.* at 7.

Based upon the decision in that Order, the Plaintiff now requests his attorney's fees and costs pursuant to the EAJA.

The EAJA provides for an award of reasonable attorney fees and other expenses for a prevailing party against the United States if several conditions are met: (1) an application is filed within thirty days of the final judgment; (2) the prevailing party has a net worth under $2 million; (3) the prevailing party's attorney files an itemization of the actual time spent and the hourly rate; and, (4) the position of HUD was not substantially justified or that special circumstances make an award of attorney's fees unjust. 28 U.S.C. § 2412(d)(1)(A).

The condition at issue here is whether HUD's position was substantially justified. The proper test for determining whether the government's position was substantially justified is whether the "position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Jankovich v. Bowen,* 868 F.2d 867, 869 (6th Cir.1989).

Although HUD lost this case, that does not mean that its position was not substantially justified. *See Trahan v. Brady,* 907 F.2d 1215, 1218 (D.C.Cir.1990). Instead, the issue before this Court is whether a reasonable person could determine the reason behind the termination of the Plaintiff's employment, and thus refuse to accept Mr. Edwards' mortgage assignment.

Upon further review of the record, we find that a reasonable person would not have taken HUD's actions. HUD asked Mr. Edwards to submit a written statement from his prior employer reflecting the date of his hire, salary, date and reason for termination. In order to corroborate the information that Mr. Edwards had given, HUD partially completed an employer verification form for Mr. Edwards to take to his employer. The employer then signed the form, thus verifying Mr. Edwards' statement about the reason behind his termination.

Hence, despite Mr. Edwards' statement and his employer's verification, HUD indiscriminately determined that Mr. Edwards was being deceitful about the termination of his employment. HUD had no foundation for making this determination. No facts in the record supported HUD's decision to reject Mr. Edwards' mortgage assignment. Therefore, we conclude that HUD made its decision without having substantial justification.

 Still in order for the Court to award attorney's fees, the Plaintiff's request must still be reasonable. Counsel for Plaintiff seeks payment at the hourly rate of $75. The EAJA provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Thus, in most cases, the rate of $75 per hour should be considered a ceiling rather than a floor. *Chipman v. Secretary of Health and Human Services,* 781 F.2d 545 (6th Cir.1986). Given that Plaintiff's Counsel has been awarded hourly rates of $125 to $190 in the past, we find that the rate of $75 per hour in this case is appropriate.

 Counsel for Plaintiff represents to the Court that they spent 29.25 hours on this case. This includes time spent drafting the Complaint, responding to a Motion for Summary Judgment based upon a 126 page record, and filing a fee petition. Nevertheless, a substantial portion the Plaintiff's memoranda has been copied from pleadings in other cases. *See* Memorandum in Opposition to Plaintiff's Application for Attorney's Fees and Costs, doc. 15, exs. 2, 3, 4, and 5. Consequently, we find that Counsel for Plaintiff should be compensated only for 26 hours of their time, because of unnecessary duplication of effort.

Accordingly, the Plaintiff is hereby awarded $1950 in attorney's fees, plus costs, as a result of this case.