*51 SUTTON, Circuit Judge,
concurring.
There is one interesting feature to this dispute, not necessary to resolution of the case and therefore not explored in the majority opinion, but worth a few separate thoughts. The question is: When a case is removed from state court to federal court, does the state court's lack of jurisdiction deprive the federal court of jurisdiction as well?
Andrea Gilbert says it does. Because the state court from which Freddie Mac removed the eviction action allegedly did not have jurisdiction over it, Andrea maintains, the federal court necessarily lacked subject matter jurisdiction. In making this argument, Andrea invokes “derivative jurisdiction,” a doctrine that purports to limit the removal jurisdiction of the federal courts “if the state court lacked jurisdiction over the original action.” W. & S. Life Ins. Co. v. Smith, 859 F.2d 407, 409 n.4 (6th Cir. 1988).
The court’s opinion holds that we have jurisdiction regardless, because the state court had jurisdiction over the original eviction action. But it’s worth asking whether, even if that weren’t true, even if the state court lacked jurisdiction, our subject matter jurisdiction would be altered. My answer is no: Federal removal subject matter jurisdiction is not dependent on, or for that matter “derivative” of, the jurisdictional rules of the state courts.
Once “well settled,” Arizoná v. Manypenny, 451 U.S. 232, 243 n.17, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); see Lambert Run Coal Co. v. Balt. & Ohio R.R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922); the concept of derivative jurisdiction appears to be on its last legs. See 14B Charles Alan Wright et al., Federal Practice and Procedure § 3721 (4th ed. 2016); Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 288 (1989). The key problem with its use here is that the United States Constitution and federal statutes, taken together, give federal courts subject matter jurisdiction to’ entertain cases removed from state courts that arise under federal law or that involve diverse parties. Nothing in any of the federal removal statutes makes the subject matter jurisdiction of 'the federal courts turn on the underlying jurisdiction of the state courts over the dispute under state law. See Breuer v. Jim’s Concrete of Brevard, Inc., 538 U.S. 691, 694, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003).
Any other approach would create intractable oddities. Suppose a case could be brought only in federal court, A patent case offers one example. See 28 U.S.C. § 1338(a). An ERISA case offers another example. See 29 U.S.C. § 1132(e)(1). And there are many more: admiralty, maritime, and prize actions, 28 U.S.C. § 1333; copyright lawsuits, id. § 1338(a); Title 11 bankruptcy actions, id. § 1334(a); claims under the Federal Tort Claims Act, id. § 1346(b)(1); challenges to some federal agency actions, e.g., 33 U.S.C. § 1369(b) (Clean Water Act); claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78aa(a); federal antitrust actions, see, e.g., Gen. Inv. Co. v. Lake Shore & Mich. S. Ry. Co., 260 U.S. 261, 286-88, 43 S.Ct. 106, 67 L.Ed. 244 (1922); and other more obscure cases, e.g., 22 U.S.C. § 290k-11(b) (cases challenging an award of an arbitral tribunal under the Convention Establishing the Multilateral Investment Guarantee Agency); 16 U.S.C. § 2440 (cases arising under the Antarctic Marine Living Resources Convention).
Suppose as well that the claimant nonetheless brings this kind of case in state court. The conventional option for the defendant, the one Congress established, would be to remove the case to federal court, where the plaintiff could (and should) have brought the original lawsuit. *52 Now suppose the plaintiff does not protest, does not invoke derivative jurisdiction, and thus does not claim that the federal court lacks jurisdiction because the state courts lacked jurisdiction. Discovery commences. Pretrial proceedings move forward. Summary judgment motions appear. If the plaintiff loses at summary judgment (or for that matter after a jury trial), may it move to dismiss the action for lack of subject matter jurisdiction? The answer is yes if, as Andrea claims today, the concept of derivative jurisdiction goes to the subject matter jurisdiction of the federal courts. And this in a setting where the federal court has original jurisdiction—in reality, exclusive jurisdiction—over the case, and the state courts no jurisdiction over the matter. “The result is that a federal court refuses to entertain a case over which only it has jurisdiction.” North Dakota v. Fredericks, 940 F.2d 333, 336 (8th Cir. 1991). This problem by the way would apply in all such cases misfiled in state court—a not-unusual situation, particularly for ERISA cases—because, if the federal courts have exclusive jurisdiction, the state courts would lack jurisdiction and derivative jurisdiction would apply.
The only recourse at this point would be for the plaintiff to refile in federal court (assuming no limitations bar applied). And the upshot would be the “kind of rigmarole [ ] unworthy of a civilized judicial system,” id. and “indefensible] from the standpoint of practical judicial administration,” Washington v. Am. League of Prof'l Baseball Clubs, 460 F.2d 654, 658-59 (9th Cir. 1972); see also Hollis v. Fla. State Univ., 259 F.3d 1295, 1298 (11th Cir. 2001); Patriot Cinemas, Inc. v. Gen. Cinemas Corp., 834 F.2d 208, 218 (1st Cir. 1987).
Appreciating these problems, Congress in 1986 abolished the concept of derivative jurisdiction for some cases—those removed under the general removal statute, see Judicial Improvements Act of 1985, Pub. L. No. 99-336, 100 Stat. 633—and did so again in 2002 with slightly different language, see 28 U.S.C. § 1441(f). But “for no apparent policy reason,” Congress appears to have “limit[ed] the abrogation ... to cases removed under” that statute. Wright et al., supra, § 3721. The doctrine lives on, some courts have held, for actions removed under other removal statutes, such as the federal officer removal statute. See, e.g., Conklin v. Kane, 634 Fed.Appx. 69, 72-73 (3d Cir. 2015); Palmer v. City Nat’l Bank of W. Va., 498 F.3d 236, 246 (4th Cir. 2007); Lopez v. Sentrillon Corp., 749 F.3d 347, 351 (5th Cir. 2014); Rodas v. Seidlin, 656 F.3d 610, 618-19 (7th Cir. 2011).
In this instance the government relied on the “Freddie Mac” Act, see Federal Home Loan Mortgage Corporation Act, Pub. L. No. 91-351, Tit. III, §§ 301-310, 84 Stat. 450, 451-58 (1970), not the general removal statute, in removing the case to federal court. Nee 12 U.S.C. § 1452(f). For that reason, the parties agree that some form of the doctrine applies here.
What form, is the key question. That the doctrine may apply does not tell us how it applies. The answer to that question depends on the interpretation of a word with “many, too many meanings”: “jurisdiction.” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quotation omitted).
Once used as shorthand for anything “mandatory,” see, e.g., United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), “jurisdiction” now refers to “the courts’ statutory or constitutional power to adjudicate the case,” Steel Co., 523 U.S. at 89, 118 S.Ct. 1003. A careful use of the term covers far fewer disputes than was once the case. See id.; see also, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514-15, 126 S.Ct. 1235, 163 *53 L.Ed.2d 1097 (2006); United States v. Al-Maliki, 787 F.3d 784, 790-91 (6th Cir. 2015).
The derivative jurisdiction doctrine, properly understood, does not go to the federal courts’ subject matter jurisdiction—their power—to review a case. Despite its “improvident name,” the doctrine “is best understood as a procedural bar to the exercise of federal judicial power” rather than “an essential ingredient to federal subject matter jurisdiction.” Rodas, 656 F.3d at 619. We have said as much. Morda v. Klein, 865 F.2d 782, 784 (6th Cir. 1989). So has every other circuit but one. Compare Patriot Cinemas, 834 F.2d at 217-18, Calhoun v. Murray, 507 Fed. Appx. 251, 256 (3d Cir. 2012), Foval v. First Nat’l Bank of Commerce in New Orleans, 841 F.2d 126, 129 (5th Cir. 1988), Rodas, 656 F.3d at 619, and Sorosky v. Burroughs Corp., 826 F.2d 794, 800-01 (9th Cir. 1987), with Bullock v. Napolitano, 666 F.3d 281, 286 (4th Cir. 2012). And even Bullock did so without confronting the argument that the doctrine is merely a procedural bar. See Appellant’s Br., Bullock v. Napolitano, 666 F.3d 281, (No. 10-1222) 2010 WL 2592618.
Not only does the doctrine lead to strange outcomes, it has no constitutional or statutory basis and appears to have been “subject to qualification” from the beginning. Fid. Trust Co. v. Gill Car Co., 25 F. 737, 739 (C.C.S.D. Ohio. 1885) (cited in Lambert Run Coal, 258 U.S. at 383 n.3, 42 S.Ct. 349); see Rodas, 656 F.3d at 624-25 (collecting cases). This conclusion also furthers the “mission to rein in profligate uses of ‘jurisdiction,’ ” Herr v. U.S. Forest Serv., 803 F.3d 809, 813 (6th Cir. 2015), a mission that we do not undertake alone, see, e.g., Sebelius v. Auburn Reg'l Med. Ctr., — U.S. -, 133 S.Ct. 817, 824, 184 L.Ed.2d 627 (2013); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434-35, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011); Union Pac. R.R. Co. v. Locomotive Eng’rs, 558 U.S. 67, 81, 130 S.Ct. 584, 175 L.Ed.2d 428 (2009); Arbaugh, 546 U.S. at 514-15, 126 S.Ct. 1235; Steel Co., 523 U.S. at 89-90, 118 S.Ct. 1003; Al-Maliki, 787 F.3d at 790-91; EEOC v. Watkins Motor Lines, Inc., 553 F.3d 593, 595-96 (7th Cir. 2009).
That derivative jurisdiction counts as a procedural defect, not a subject-matter-jurisdiction defect, “makes an enormous practical difference.” Al-Maliki, 787 F.3d at 790-91. “Challenges to subject-matter jurisdiction cannot be waived or forfeited,” but procedural challenges to other types of so-called “jurisdiction” (like derivative jurisdiction) “can be forfeited by litigants” and “can be outright waived.” Id.; see Smith, 859 F.2d at 409 n.4. That’s what happened here. Beeausé Andrea’s challenge alleged a “defect other than lack of subject matter jurisdiction,” it “must [have] be[en] made within 30 days” of Freddie Mac’s removal. 28 U.S.C. § 1447(c); see Rodas, 656 F.3d at 621. It was not. Andrea waited eleven months to make her motion—until after she lost at summary judgment—and thus would have forfeited her challenge. See Music v. Arrowood Indem. Co., 632 F.3d 284, 287 (6th Cir. 2011); Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 327-29 (6th Cir. 2007). She cannot resurrect it now by using a jurisdictional label.
The only pertinent jurisdictional question here is “not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.” Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). The answer is yes. The Freddie Mac Act grants district courts “original jurisdiction” over “all civil actions to which [Freddie Mac] is a party.” 12 U.S.C. § 1452(f). And it allows Freddie *54 Mac to remove state court cases that name it as a party to federal court. Id. That’s just what. Freddie Mac did. I suspect, therefore, that the district court properly exercised jurisdiction over this case, even applying the doctrine of derivative jurisdiction.