46 F.3d 1122
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BANC ONE MORTGAGE CORPORATION, Plaintiff,
v.
Charles A. STUCKEY; Corine Stuckey, Defendants-Appellants,
v.
Jack KEMP, Secretary of the United States Department of
Housing and Urban Development, U.S. Department of
Housing & Urban Development, Third Party
Defendants-Appellees.
 No. 93-2519.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1994.
Decided Jan. 25, 1995.
 
 Alvin Hinkle, CAROLINA REGIONAL LEGAL SERVICES CORPORATION, Florence, SC, for appellants.
 John Berkley Grimball, II, Assistant United States Attorney, Columbia, SC, for Appellees.
 J. Preston Strom, Jr., United States Attorney, Columbia, SC, for Appellees.
 Before HALL and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles and Corine Stuckey (the Stuckeys) appeal a decision of the United States District Court for the District of South Carolina upholding an informal adjudication of the United States Department of Housing and Urban Development (HUD) and granting summary judgment in favor of HUD. For the reasons discussed below, we affirm the judgment of the district court sustaining the decision of HUD.
 
 I.
 
 2
 On December 14, 1983, the Stuckeys purchased a home secured by financing from Carolina Mortgage Corporation (Carolina Mortgage). At the time, Carolina Mortgage was a HUD approved direct endorsement lender authorized to apply to HUD for insurance of its mortgages, pursuant to Sec. 203 of the National Housing Act, 12 U.S.C. Sec. 1709. Upon application of Carolina Mortgage for insurance, HUD endorsed the Stuckeys' mortgage and agreed to insure the loan. Subsequently, the mortgage was assigned to and is now held by Banc One Mortgage Corporation (Banc One).
 
 
 3
 The Stuckeys defaulted on their mortgage in May of 1989. Because some mortgages insured by HUD may be assigned to HUD to avoid foreclosure, the Stuckeys requested that HUD accept assignment of their mortgage. On January 31, 1990, HUD determined that the Stuckeys did not meet the eligibility criteria and declined to accept assignment.
 
 
 4
 On February 23, 1990, following HUD's decision, Banc One filed a foreclosure action in the South Carolina Court of Common Pleas for Florence County. In response, the Stuckeys filed an answer and counterclaim in addition to a third-party complaint against HUD. On April 20, 1990, HUD removed the case to the United States District Court for the District of South Carolina. The Stuckeys then filed a Chapter 13 petition in the United States Bankruptcy Court. Thereafter, on October 10, 1990, the Stuckeys voluntarily dismissed without prejudice the third-party complaint against HUD and the case was remanded to state court. On November 27, 1990, the bankruptcy court lifted the automatic stay and allowed Banc One to proceed with foreclosure in state court. On July 29, 1991, following a foreclosure hearing, a Special Master of the Court of Common Pleas found that Banc One was entitled to foreclose. On September 13, 1991, the Stuckeys filed exceptions to the Special Master's report.
 
 
 5
 In March 1992, the Stuckeys filed another third-party complaint against HUD in the state court action, alleging that HUD should have accepted assignment of their mortgage. On April 1, 1992, HUD again removed the case to federal district court. On March 3, 1993, HUD moved to dismiss and, alternatively, for summary judgment. On September 28, 1993, following a hearing, the district court ruled from the bench and entered a minute order granting summary judgment to HUD and remanding the foreclosure case to the state court for further action. The Stuckeys now appeal, alleging that HUD erred in determining that they did not meet two of the criteria necessary for reassignment of the mortgage.
 
 II.
 
 6
 The scope of judicial review of agency action by both the district court and this court is governed by the Administrative Procedures Act (APA), 5 U.S.C. Sec. 706(2)(A) (1988). Thus, HUD's decision to deny assignment of the Stuckeys' mortgage should not be overturned absent a showing that it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. In applying this standard, we consider "whether the [HUD] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971). Furthermore, our review is limited to the administrative record before the HUD decision-maker at the time the challenged decision was made. Doraiswamy v. Secretary of Labor, 555 F.2d 832, 840 (D.C.Cir.1976). Because the action of HUD is discretionary, we should "not substitute [our] judgment for that of the agency." Duke Power Co. v. United States Nuclear Regulatory Comm'n, 770 F.2d 386, 389 (4th Cir.1985). Finally, because the HUD action in this case constitutes informal agency action, our judicial review is limited to whether the record facts supporting agency action are "adequately adduced and rationally applied." Anderson v. HUD, 701 F.2d 112, 115 (10th Cir.1983).
 
 
 7
 Pursuant to the statutory national housing goal of "a decent home and a suitable living environment for every American family," 42 U.S.C. Sec. 1441a (1988), HUD operates housing assistance insurance programs through which it insures mortgages on properties owned by low income individuals. Anderson v. HUD, 701 F.2d at 113-14. In enacting these housing assistance insurance programs, Congress anticipated that persons requiring government assistance to acquire housing might also have difficulty keeping mortgage payments current. Thus, Congress authorized HUD to take an assignment of the mortgage from the mortgagee, but only if the mortgagor meets certain criteria.
 
 
 8
 The applicable statute, as codified at 12 U.S.C. Sec. 1715u(b)(1) (1988), specifies that when the Secretary of Housing and Urban Development (Secretary) receives notice of a default on a HUD insured mortgage, he may, "if determined necessary," acquire the mortgage and security therefor upon payment of the insurance benefits in an amount equal to the unpaid balance of the mortgage plus any unpaid mortgage interest. Id. The quoted language above reflects the discretionary nature of such a decision by the Secretary. See Western & Southern Life Ins. Co. v. Smith, 859 F.2d 407, 410-11 (6th Cir.1988) (" '[I]t is the intent of the committee that [implementations of the mortgage acquisition program] are discretionary ... and are to be used only in hardship cases involving deserving mortgagors' ") (quoting Sen. Rep. No. 924, 86th Cong., 1st Sess. 2, reprinted in 1959 U.S.C.C.A.N 2844, 2853).
 
 
 9
 The applicable regulations, promulgated at 24 C.F.R. Sec. 203.650 (1989), detail six conditions which the defaulting mortgagor must demonstrate in order to qualify for assignment to HUD. The mortgagor bears the burden of proving the six listed conditions to qualify for the assignment of mortgage. Smith, 859 F.2d at 411. These regulations provide in relevant part:
 
 
 10
 (a) The Secretary will accept assignments of mortgages ... in order to avoid foreclosure when the following conditions are met:
 
 
 11
 (1) The mortgagee has informed the mortgagor that it intends to foreclose the mortgage;
 
 
 12
 (2) At least three full monthly installments due on the mortgage are unpaid after application of any partial payments which may have been accepted but not yet applied to the mortgage account.
 
 
 13
 (3) The property is the mortgagor's principal place of residence....
 
 
 14
 (4) The mortgagor does not own other property subject to a mortgage insured or held by the Secretary....
 
 
 15
 (5) The mortgagor's default has been caused by circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency within a reasonable time or make full mortgage payments.
 
 
 16
 (6) There is a reasonable prospect that the mortgagor will be able to resume full mortgage payments after a period of reduced or suspended payments not exceeding 36 months and will be able to pay the mortgage in full by its maturity date extended, if necessary, by up to ten years.
 
 
 17
 24 C.F.R. Sec. 203.650(a).
 
 
 18
 HUD contends that the administrative record supports its decision to deny assignment of the mortgage, and that the district court, therefore, properly granted summary judgment in favor of HUD. The Stuckeys, however, contend that HUD erred in its determination under the sixth factor that they had no reasonable prospect for resuming mortgage payments after a thirty-six month period of reduced or suspended payments and that they would not be able to pay the mortgage in full by its maturity date, extended if necessary by up to ten years.[1] We disagree.
 
 
 19
 Our review of the record reflects that the Stuckeys failed to meet their burden of showing the existence of this sixth factor. In a preliminary letter dated December 29, 1989, HUD responded to the Stuckeys' request that HUD accept assignment of the mortgage:
 
 
 20
 There must be a reasonable prospect that you will be able to resume full mortgage payments after a temporary period of reduced or suspended payments, not exceeding 36 months, and that you will be able to pay the mortgage in full by its original maturity date extended, if necessary, by up to 10 years.
 
 
 21
 From the information you provided on the 92068f, you currently do not have sufficient income to meet your mortgage payment of $539.00 and your other monthly obligations of $815.37. (You have reported a net monthly income of $1,220.44).
 
 
 22
 Before we render a final decision you should provide us with the following information:
 
 
 23
 1. A statement from Mr. Stuckey's employer that states that his job loss was due to no fault of his own.
 
 
 24
 2. Any other written proof that you may have that shows why you got behind with your mortgage payments.
 
 
 25
 3. Written proof and/or documentation that shows any anticipated increase in earnings and/or income you expect to receive; the date you anticipate receiving the increase in income; the dollar amount of income you anticipate receiving, and the source of the earnings and/or income.
 
 
 26
 (J.A. at 143.) HUD then allowed the Stuckeys an opportunity to proffer further information supporting the criteria for assignment of their mortgage. At or prior to a meeting held on January 24, 1990, the Stuckeys submitted several documents upon which HUD relied in reaching its decision.[2] HUD also considered the Stuckeys' oral representations supported by later submissions.[3] By letter dated June 1, 1989, HUD denied the Stuckeys' request for assignment of the mortgage.[4] The district court, in its review of the record before HUD, reached a similar result. Our independent review of the record reflects that Charles Stuckey's employment was sporadic in 1988 and 1989; his earnings totalled $231.77 for 1988 and $267.50 for 1989. This factor, in conjunction with Corine Stuckey's limited monthly income, raised no reasonable prospect that the Stuckeys would be able to resume full mortgage payments after a temporary period of reduced payments. Furthermore, the record in the proceedings below, both before HUD and the district court, reflects that the facts were adequately adduced and the law rationally applied in reaching this conclusion. Anderson, 701 F.2d at 115. Even if we were to disagree with the result obtained by the agency and sustained by the court below, we may not substitute our judgment for that of the agency.[5] Duke Power, 770 F.2d at 389-90. Given our independent review of the record, however, we agree with the findings of HUD and the district court.
 
 III.
 
 27
 Thus, we conclude that the district court correctly held that the administrative record supported HUD's conclusion that the Stuckeys had no reasonable prospect for resuming mortgage payments after a temporary period of reduced or suspended payments and would not be able to pay the mortgage in full by its maturity date, even with a ten-year extension. We, therefore, affirm the decision of the district court.
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 The first four factors are not at issue in the instant appeal. In addition to their arguments regarding the sixth factor, the Stuckeys further argue that the HUD handbook dated March 1991 recognizes that alcohol dependency qualifies as a circumstance beyond the borrowers' control pursuant to factor number five. The district court upheld HUD's determination that the default here was not the result of circumstances beyond the mortgagor's control. Because we find, however, that the district court did not err in granting summary judgment for HUD on the basis that the Stuckeys failed to meet the sixth factor as set forth in the regulations, we need not reach the alternative issue raised by the fifth factor. See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc., 36 F.3d 8, 11 (4th Cir.1994) (discussing the inadvisability of alternate holdings)
 
 
 [2]
 These included: (1) a letter from Mr. Stuckey's former employer, William C. Barnes, Sheriff of Florence County, South Carolina; (2) a letter from Dr. Lloyd Miller, Mr. Stuckey's doctor; (3) an award of supplemental security income from the Social Security Administration; (4) a HUD Request for Financial Information Form 92068F; and, (5) a printout of the Stuckeys' loan history and HUD form 92206 from Banc One Mortgage Corporation
 
 
 [3]
 These later submissions included: (1) a letter from Wilson Player dated February 1, 1990, verifying Mr. Stuckey's part-time employment; (2) Three income statements from Hemingway Apparel Mfg., Inc., totalling $267.50; and, (3) a check stub from Colonial Rubber Works, Inc. reflecting an after-tax payment of $231.77
 
 
 [4]
 The June 1, 1989 HUD letter stated in relevant part:
 We have carefully reviewed both the information you gave us at our meeting and all other documents given to us. Unfortunately, our review shows that your case did not meet all the standards for assignment.
 * * *
 (3.) No written proof was presented to show that Mr. Stuckey has anticipated receiving any increase in income and/or earnings. The Supplemental Security Benefits awarded Charnissa Stuckey, a 15-year old minor child, as indicated in the letter, is for the well-being of the child, and not for household income expenses.
 There must be a reasonable prospect that you will be able to resume full mortgage payments after a temporary period of reduced or suspended payments, not exceeding 36 months, and that you will be able to pay the mortgage in full by its original maturity date extended, if necessary, by up to 10 years.
 From the information you presented at the Appeal Conference and on the 92068f form, you do not have sufficient income, (legally useable) that would assist you in meeting your mortgage obligation of $539.00 and your other monthly obligations of $815.37.
 (J.A. at 110-11.)
 
 
 [5]
 The parties spent much time at oral argument discussing the current financial circumstances of the Stuckey family and that Ms. Stuckey had saved a substantial sum because her family had resided at the property in question during the pendency of this litigation without making mortgage payments. However, no rule or regulation gives this court the authority to go beyond the administrative record before HUD at the time it decided this case or to deviate from our deferential standard of review